Tukey v. Smith.

## RICHARD TUKEY & al. vs. JOSEPH SMITH.

The removal of a sheriff from office after the attachment of personal property on a writ, does not destroy his right to keep it to await the judgment and execution, or excuse his neglect to deliver it, to be taken on execution, upon a demand made therefor within thirty days after final judgment.

EXCEPTIONS from the Western District Court, WHITMAN J. presiding.

The action was brought against the defendant, who had been sheriff of the county of *Cumberland*, for the default of *Sawyer*, one of his deputies, in not keeping and delivering a quantity of boards and board logs, attached by *Sawyer* on a writ in favor of the plaintiffs against *Seal* and *Bailey*.

The plaintiffs produced *Sawyer's* return on the writ of his attachment of the property, and proved a demand upon *Sawyer* for it, within thirty days after final judgment in the suit, and a neglect to deliver it to be taken on the execution.

The defendant offered to prove, that he was removed from the office of sheriff, previous to the recovery of judgment in the original suit, and contended, that he was not in law bound to keep the property attached, after his removal from office, and is not accountable for property, after his removal. He also contended, the exceptions state, that the property, and especially the logs in the river, was of such a nature, that it could not be kept to be delivered on the execution, and that the defendant is not therefore liable for the neglect to keep it.

The Judge rejected the testimony, and directed a verdict for the plaintiffs, to which the defendant excepted.

*Rand*, for the plaintiffs.

*Willis* and *Fessenden*, for the defendant.

The opinion of the Court was drawn up by

EMERY J. — If the Judge in the District Court rejected testimony, which, if admitted, would have constituted a defence against the action, the exceptions must be sustained. It is probable the idea of taking the ground, on which the defendant relies, arose from some remarks of the Court in the case *Blake* v. *Shaw*, 7 *Mass. R.* 505. But in the present case, we must apprehend, that after the attachment was made, and while the defendant was in office, there was negligence, to the injury of the plaintiff.

The law invests the sheriff with power to attach, and imposes on him the duty to keep the property attached, to respond the judgment which may be obtained in the suit. His removal from office abates nothing of his power to retain the possession of the property, which he rightfully took upon the original writ, for thirty days after judgment, for the ultimate purpose, for which he began the service.

To be sure, he cannot, when removed, serve an execution issuing after his removal; but the special property remained in the deputy to secure the plaintiffs in the fruits of their judgment, if seasonably required. 13 *Mass. R.* 394.

The offer, by the defendant, to prove that he was removed from the office of sheriff previous to the recovery of judgment in the original suit, if permitted, we think would be altogether inadequate to exonerate the defendant from responsibility for the acts and omissions of his deputy.

*The exceptions are therefore overruled.*