GEORGE W. WILLEY *vs.* INHABITANTS OF WINDHAM.

Cumberland.    Opinion August 31, 1901.

*Towns.   Road Commissioner.    Bond.   Officer de facto and de jure.    Stat. 1897,
c. 329, § 4.*

1.  One who has been duly elected by a town to the office of road commis-
sioner and has taken the oath of office, but has failed to file the bond required
by § 4 of c. 329, Public Laws of 1897, is road commissioner de facto and not
commissioner de jure.

2.  A road commissioner de facto may, by authority, express or implied, of the
selectmen of his town, purchase materials or employ labor of men or teams
for the repair of ways upon the credit of the town; but he cannot recover of
his town for money paid out by him for materials furnished or labor
employed in the repair of ways.

3.  He may recover of the town for the labor or services of his own team
employed by him in the repair of ways, by the direction or consent, express
or implied, of the selectmen of the town.

4.  As the plaintiff has been paid the full amount voted by the town as compen-
sation for the services of road commissioner, the question of his right or
title to such compensation is not considered.

On exceptions by plaintiff.    Exceptions sustained.

Assumpsit on account annexed to recover for plaintiff's services
as road commissioner, for use of his horse, harness, wagon and
sleigh, also for other items furnished by him.

The case was tried in the Superior Court, for Cumberland
county, and brought to this court on the plaintiff's exceptions to a
non-suit ordered there.

*J. C. and F. H. Cobb*, for plaintiff.

*I. L. Elder and F. H. Haskell*, for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE,
FOGLER, POWERS, JJ.

FOGLER, J.    This is an action of assumpsit which comes to this
court from the Superior Court, for the county of Cumberland, upon
exceptions to an order of non-suit by the judge of that court.

The plaintiff declares upon an account annexed to the writ, in which he charges for services as road commissioner of the defendant town from March, 1898, to March, 1899, 103¾ days at two dollars per day, $207.50; for the use of his horse, harness, wagon and sleigh during the same time, in prosecuting the work of repair of highways and bridges in said town, 87 days at one dollar per day; and for use of tools and other minor items amounting to $15.28. The declaration also contains a quantum meruit count.

The testimony shows that the plaintiff has been paid as road commissioner upon orders issued in his favor by the selectmen of the town, the sum of $251.60, leaving a balance due the plaintiff, as claimed by him, of $56.18. Each of said orders states that it is issued " for service in part as road commissioner for the year 1898."

The defendants plead the general issue, and, by brief statement, that the plaintiff, at the time declared on, was not and never had been the duly elected and qualified road commissioner of the defendant town.

After the plaintiff had introduced his testimony and rested his case, the defendants moved for a non-suit upon the ground that the plaintiff had failed to file with the selectmen of the defendant town any bond as such road commissioner, and that the plaintiff had never been a road commissioner de jure of the defendant town, but had been merely a de facto commissioner. The presiding judge sustained the defendant's motion and ordered a non-suit, to which order the plaintiff excepts.

The testimony introduced by the plaintiff is to the following effect: at the annual town meeting of the defendant town held in March, 1898, the plaintiff was legally elected road commissioner of the town for the year then next ensuing and was duly sworn to the faithful discharge of his duty. By vote of the town his compensation was fixed at two dollars per day. Section 4 of chapter 329, Public Laws of 1897, provides that a person elected to the office of road commissioner, "shall give bond to the satisfaction of the selectmen and be responsible to them for the expenditure of money and discharge of his duties generally." The plaintiff did

not give such bond for the reason, as he testifies, that the selectmen told him there was no need of his giving bond as he would handle no money.

The plaintiff acted as road commissioner and performed all the duties and services incident to said office during the entire municipal year for which he was elected. He testified that he served as road commissioner the number of days charged in his account, that his horse was used in prosecuting the work of repairs on the highway the days charged, and that the other items were furnished by him as road commissioner.

No other person was elected or appointed road commissioner of the town for that year, or made any claim of title to the office or its emoluments, nor does it appear that the plaintiff's title to the office or its emoluments was questioned for the term for which he was elected. He was recognized as road commissioner by the selectmen of the town who approved and drew orders for the payment of bills, contracted by him in that capacity, in behalf of the town. The town, after suit brought, voted that the town agent tender to the plaintiff the amount unpaid on his bill.

By his failure to give bond as prescribed by statute, the plaintiff was not road commissioner de jure. *Rounds* v. *Bangor*, 46 Maine, 541.

But, having performed the duties and exercised the functions of the office, exclusively, during its term under color of election and title, he must be regarded as an officer de facto.

Upon the question whether an officer de facto is entitled to the salary or emoluments of the office, the courts of this country are not in accord. The weight of authority is undoubtedly that, as a general rule, an officer de facto is not entitled to the compensation or emoluments of the office. This is so held in this state in *Andrews* v. *Portland*, 79 Maine, 484.

But the question of the right to recover compensation or emoluments is not involved in this suit. The plaintiff has been paid by the town upon orders issued to him by the selectmen the amount, and in excess of the amount of compensation, voted by the town and charged by the plaintiff. The town has not disavowed such

payments, but, on the contrary, has voted to tender the plaintiff the amount unpaid on his bill.

The question to be decided is, therefore, how much, if anything, is due to the plaintiff for the items, other than for his services, charged by him after deducting the overplus paid him on account of compensation.

A road commissioner has authority, by virtue of the statute before referred to, to employ men and teams and to purchase materials, upon the credit of his town, for the repair of ways and bridges. A road commissioner de facto has no such authority except by the direction or consent of the selectmen of the town. His position, in this respect, is somewhat analogous to that of highway surveyors elected or appointed under former statutes.

It has been held by this court that a highway surveyor cannot maintain an action against a town for re-imbursement for money paid by him for labor employed or material purchased for the repair of ways. *Ingalls* v. *Auburn*, 51 Maine, 352; *Getchell* v. *Wells*, 55 Maine, 433.

The plaintiff in this suit cannot, therefore, recover for charges for money paid out by him.

We are of opinion that he may recover for such other items of the account sued, barring his charge for compensation which has been fully paid, as were incurred by him under the authority, express or implied, of the selectmen of the town.

This question should have been submitted to the jury upon all the evidence in the case, and the order of non-suit was erroneous.

　　　　　　　　　　　　　　*Exceptions sustained.*