## SEYBOLD ET AL. *v*. REHWALD ET AL.

[No. 21,664. Filed May 23, 1911. Rehearing denied April 3, 1912.]

1. DRAINS. — *Establishment.—Remonstrance.—Objection to Competency of Commissioners.—Statute.*—The right of remonstrators to question the competency of commissioners to act in the matter of drainage proceedings referred to them is neither expressly nor impliedly granted under the provisions of §6143 Burns 1908, §4

Acts 1907 p. 508, granting the right to remonstrate against the report of the commissioners for causes therein mentioned.  p. 306.

2.  DRAINS.—*Establishment.—Drainage Commissioners.—Objection to Competency.—Manner of Objection.*—Parties to a drainage proceeding whose lands are affected by the proposed work, may, in a proper case, at the first available opportunity raise the question of the competency of the drainage commissioners by motion. p. 307.

3.  DRAINS. — *Establishment. — Competency of Commissioners. — Knowledge of Parties.*—Parties to a drainage proceeding properly in court at the time such proceedings are referred to commissioners are chargeable with knowledge as to whether the official term of any of such commissioners will expire before the time fixed for their report.  p. 307.

4.  DRAINS. — *Establishment. — Competency of Commissioners. — Waiver of Objection.*—Parties to a drainage proceeding who, at the time, have knowledge of · facts that might affect the competency of commissioners to whom such proceeding is referred, and acquiesce in the appointment and work of such commissioners until the report is made, thereby waive any question as to their competency.  p. 308.

5.  DRAINS.—*Establishment.—Ownership of Lands Assessed.—Petition.*—A petition for the establishment of a drain, being verified by oath and alleging that certain lands of the petitioner are of record in the name of decedent, should be taken as true in the absence of evidence that such petitioner is not the owner.  p. 308.

6.  DRAINS.—*Establishment.—Report of Drainage Commissioners.— Power of Court to Correct.*—The court has power under §6143 Burns 1908, §4 Acts 1907 p. 508, to correct an assessment against lands described in the commissioners' report as being in the name of a decedent by assessing such lands in the name of the true owner.  p. 309.

7.  DRAINS.—*Establishment.—Assessments.—Power of Court to Correct.*—Under §6141 Burns 1908, §2 Acts 1907 p. 508, providing that a drainage petition shall be sufficient to give the court jurisdiction over all lands described therein, and the power to fix the lien for assessment, if they are described as belonging to the person who appears to be the owner according to the last tax duplicate or record of transfer, an assessment of lands in the name of a decedent, which the petition alleges to belong to one of the petitioners though appearing of record in the name of such decedent, is good as against the owner.  p. 309.

8.  DRAINS. — *Establishment. — Assessments.—Benefits.—Sufficiency of Evidence.*—Where the report of the drainage commissioners, showing that lands will be benefited in a sum equal to the cost of the assessments against them, is sustained by the testimony

of witnesses, the evidence is sufficient to sustain the court's findings that the ditch will be practicable and that the benefits to the lands will equal the cost of the assessments. p. 310.

9. Appeal.—*Weight of Evidence.*—Where evidence is oral and conflicting it will not be weighed on appeal. p. 310.

From Cass Circuit Court; *James P. Wason,* Special Judge.

Petition by John C. Rehwald and another to establish a drain. Frederick Seybold and others remonstrated. From a judgment for petitioners, the remonstrants appeal. *Affirmed.*

*M. Winfield, McConnell, Jenkines, Jenkines & Stuart,* for appellants.

*Frank V. Guthrie, Kistler & Kistler,* for appellees.

Cox, J.—On September 7, 1908, appellees, Mary J. Brophy and John C. Rehwald, filed a petition in the Cass Circuit Court to establish a drain, alleging therein, together with other things necessary to be averred, that they were, respectively, the owners of certain tracts of land, therein described, which would be benefited by the drain; and also alleging that the lands of others therein described, would be affected by the proposed drainage, and among these were certain lands of appellants.

After due notice, and an appearance by appellants in response thereto, the proceeding was docketed as a cause, and on December 18, 1908, was referred to the drainage commissioners, A. J. Beal, county surveyor of Cass county, and Alonzo Cover and Thomas Flinn, a reputable freeholder of the township through which the proposed ditch was to be constructed, as the third commissioner to act in the matter. These commissioners were ordered to meet at the county surveyor's office on December 23, 1908, and to proceed with their duties and to report on January 28, 1909. On this last date the commissioners named in the order of reference appeared in court by their attorney, and secured an extension of time for making their report to February 20, 1909,

and in that month they asked and were granted another extension of time to March 26, 1909, on which date they filed their report.

This statement of the chronology of the proceeding has an important bearing on the most vital question presented for decision.

On April 6, 1909, appellants and others filed separate remonstrances against the report of the commissioners, and upon the issue formed thereby the cause was tried, and resulted in a judgment establishing the drain, from which judgment appellants appeal, other landowners affected not joining.

As a ground of remonstrance each of the appellants named the first statutory cause, "that the report of the commissioners is not according to law," and thereunder made objections that two of the drainage commissioners were not competent and qualified to act in that capacity at the time of making their report. It appears that the term of office of Beal as county surveyor expired on January 1, 1909, following his designation as drainage commissioner in this proceeding, and that his successor, who was elected at the preceding general election in November, qualified and took office at the expiration of Beal's term. It also appears that the term of Cover as drainage commissioner expired, and his successor was elected and qualified, on January 6, 1909.

That, at the time the matter of the establishment of the drain involved in this proceeding was referred to them by the court, December 18, 1908, both Beal and Cover were qualified, competent and acting drainage commissioners of Cass county, and competent to act in this particular proceeding, is not questioned by appellants; but it is urged that upon their successors being elected and qualified in January following such reference, all their powers and authority as such commissioners ended, and therewith ended their right further to proceed in those matters confided to them to aid

in the establishment of the drain involved in this proceeding. We do not decide that appellants are wholly wrong in this contention, but reason manifestly exists why the legislature might have intended that where commissioners are once intrusted with duties in establishing a particular drain, and they are competent and qualified at the time of entering upon the work, they should complete that work, notwithstanding the fact that the terms for which they were authorized to act generally as such officers expired in the meantime. The inherent nature of the work and the provision of the drainage statute, that all objections to the acting of any drainage commissioner not made within the time fixed should be waived, suggest such an intent. It is not always that the ending of the term of office renders the officer powerless to complete some of his official duties begun before the expiration of his term. At common law a sheriff whose term of office had ended was required to complete all the acts necessary to be done under an execution which he had received and levied. He might after his term of office had expired receive redemption money upon land sold by him while in office and his bond covered it; or he might make a deed to the purchaser. He might after the expiration of his term of, or removal from office retain possession of property previously attached by him, and await the judgment. *Purl's Lessee* v. *Duvall* (1820), 5 H. & J. (Md.) 69, 9 Am. Dec. 490; *Elkin* v. *People* (1841), 3 Scam. (Ill.) 207, 36 Am. Dec. 541; *Tukey* v. *Smith* (1841), 18 Me. 125, 36 Am. Dec. 704 and note; *State* v. *Roberts* (1830), 12 N. J. L. 132, 21 Am. Dec. 62; *Allen* v. *Trimble* (1815), 4 Bibb (Ky.) 21, 7 Am. Dec. 726.

It is also held that the administration of an estate commenced by a public administrator, sometimes a county officer *ex officio* discharging such duty, and not completed within his term of office, is nevertheless to be completed by him and not by his successor in office. 11 Am. and Eng.

Ency. Law (2d ed.) 808, and cases cited in note 4; 18 Cyc. 118 and cases cited in note 77.

But if there was ground for objection to the competency of Beal and Cover to act, such objection was not properly made, nor timely.   Section four of the drainage act of 1907 (Acts 1907 p. 508, §6143 Burns 1908), under which this proceeding was taken, grants the right to property owners aggrieved to remonstrate against the report of the commissioners for the causes therein named, and no others.   The first of these causes is that under cover of which appellants sought to question the competency of the commissioners, that is, ''that the report of the commissioners is not according to law.''   The question, therefore, confronts us, whether, under this cause, remonstrators may attack the legal qualifications of the commissioners?   This section provides that ''if, upon hearing, the court shall decide that the first of the above causes of remonstrance is true, the court may direct the commissioners to amend and perfect their report, or the court may in its discretion set aside said report, refer the matter anew back to said commissioners for a new report.   In making such order for a new report, the court shall fix the time and place of their meeting, and when they shall report; and when said new report is made and filed, any person whose lands are reported as affected may remonstrate within the same time therefrom and for the same causes as is hereby allowed to remonstrate against the first report, but such second remonstrance shall only be as to new matters contained in the second, or amended report.''

This language measures the right to remonstrate against the report under the first cause of remonstrance, on the ground that it is not according to law.   It contains neither expressly nor impliedly any grant of right to remonstrators to question under it the competency of the commissioners. The very terms of the provision in fact would seem to exclude such right, and surely this must be so when considered with reference to the terms of the act that it shall be so construed

as to promote the drainage and reclamation of wet and over-flowed lands. Enlarging the scope of a remonstrance, under the cause that the report is not in accordance with law, be-yond the limitations of the language of the section above quoted, so as to give the right to attack the competency of the commissioners at this stage of the proceedings, would be construing the statute so as to put a weapon of obstruction into the hands of the landowners, neither expressly nor im-pliedly given by it.

We have no doubt that parties to a drainage proceeding, whose lands are affected by the proposed work, may, in a proper case, at the first available opportunity raise

2. the question of the competency of the drainage com-missioners by motion. As to those who are made par-ties by the petition, the statute fixes the first opportunity for objecting to the commissioners at a time within ten days after the docketing of the proceedings as a cause, and the reference to the commissioners, after which time the right to question their competency is deemed waived. As to addi-tional parties who are brought in by the assessment of their lands by the commissioners in their report, who were not original parties, it is held that they may raise the question of the competency of the commissioners by a timely and proper motion to reject the report made within ten days after they are brought in by notice as parties. *Small* v. *Buchanan* (1905), 165 Ind. 549, 76 N. E. 167.

We are not, however, required to decide whether a proper and timely objection to Beal and Cover acting in this pro-ceeding should have been sustained, for it was not

3. made. Appellants were original parties, and were in court when this drain was referred to these commis-sioners. They were chargeable with knowledge then that Beal's term would expire on January 1, 1909, and that his successor had been elected. They were also bound to know that Cover's term would expire on the first Monday of the same month. They were bound to know that the successors

of both had qualified and entered upon the discharge of their duties as drainage commissioners of Cass county before the time fixed for the report on this drain, January 28, 1909. The record shows that on January 26 and in February extensions of time were granted to the commissioners "heretofore appointed" for filing their report. During all this time no question was raised by appellants of the right of the commissioners to do the work they were bound to know they were engaged in. They waited until the work was completed; until, presumably, they could determine from the report whether the nature of the drain and the amount of their assessments would be satisfactory. Conceding that a valid objection to the further acting of these commissioners had arisen, appellants waived it by their quiescence, when they might have presented the question to the court, and had it determined at any time after the alleged incompetency arose.

4.

In *City of Valparaiso* v. *Parker* (1897), 148 Ind. 379, 383, 47 N. E. 330, it was said by this court, in speaking of objections to the competency of similar officials: "It is the general rule that such objections must be made at the earliest opportunity, so that the proceeding shall not be allowed to proceed to a fruitless result with accumulation of cost; and if not so made they will be deemed to be waived." See, also, *Bradley* v. *City of Frankfort* (1885), 99 Ind. 417; *Osborn* v. *Sutton* (1886), 108 Ind. 443, 9 N. E. 410; *Carr* v. *Duhme* (1906), 167 Ind. 76, 82, 78 N. E. 322; *City of Huntington* v. *Amiss* (1906), 167 Ind. 375, 380, 79 N. E. 199; 2 Lewis, Eminent Domain (3d ed.) §625.

Under the first statutory cause, appellants also remonstrated against the report of the commissioners, on the ground that no assessment of benefits was made against the lands of Mary J. Brophy, described in the petition, and alleged therein to be owned by her, but recorded in the name of J. C. Brophy, deceased. The report showed the assessment against the lands described to have been

5.

made in the name of J. C. Brophy, and the court found Mary J. Brophy to be the owner, and among other amendments and corrections of the report, which were required by the court, was the change of this assessment to the name of Mary J. Brophy. Appellants complain in their motion for a new trial that the finding in this respect is not sustained by sufficient evidence and is contrary to law.

It is not claimed by appellants that Mary J. Brophy was not, in fact, the owner of the land described, but they insist that such finding was wholly unsupported by any evidence given in the cause, and, therefore, erroneous. It seems to us that the contention is technical. It was alleged in the petition that the lands were owned by the petitioner Mary J. Brophy, but that they stood in the name of J. C. Brophy, deceased. The petition was verified by oath. No evidence was presented and no claim is made that Mary J. Brophy was not the owner, nor that J. C. Brophy was the owner and living. We suppose it to be elementary that the allegation of ownership, under the circumstances, should be taken as true, and the correction in the report is one which the

6. drainage statute expressly authorizes the court to order made. §6143, *supra.* And moreover, under the liberal provisions of §6141 Burns 1908, Acts 1907 p. 508, §2, it is sufficient to give the court jurisdiction over

7. all the lands described, and the power to fix a lien for the assessment, if they are described as belonging to the person who appears to be the owner according to the last tax duplicate or record of transfer, and the assessment of the lands of Mary J. Brophy, made in the name of J. C. Brophy, would have been good against her as the owner, without the change in the report directed by the court. *Keiser* v. *Mills* (1904), 162 Ind. 366, 370, 69 N. E. 142. Nor can we see in what manner the rights of appellants were prejudicially involved in the action of the court.

It is earnestly insisted that the evidence fails to show that the proposed ditch will be practicable in draining the lands

intended to be drained; but that, on the contrary, it shows that the plan is impracticable, and will result in greater overflow and damage. And it is further claimed that there is a lack of evidence sufficient to show that the lands of appellant Seybold will be benefited in a sum equal to the cost of the assessment against them, or in any sum. It may be conceded that the cold, inanimate words of the record contain evidence which clearly would have sustained a finding in favor of appellants on both of these questions, but it does not stand alone, there is evidence to the contrary in each instance. The report of the drainage commissioners, which was competent and admitted in evidence, is *prima facie* evidence against appellant's contentions, and this was sustained by the testimony of a number of witnesses, in itself sufficient to sustain the court's findings on these questions. §6151 Burns 1908, Acts 1907 p. 508; *Zehner* v. *Milner* (1909), 172 Ind. 493, 87 N. E. 209, 24 L. R. A. (N. S.) 383.

But appellants urge on us as a duty, under the provisions of §698 Burns 1908, Acts 1903 p. 338, that we weigh the evidence and determine these questions in their favor, should the preponderance be found with them. This we cannot do. The evidence was largely oral and conflicting, and we cannot say that the trial court erred in determining the preponderance against appellants. *Parkison* v. *Thompson* (1905), 164 Ind. 609, 73 N. E. 109; *Seiberling & Co.* v. *Porter* (1905), 165 Ind. 7, 74 N. E. 516; *Clarkson* v. *Wood* (1907), 168 Ind. 582, 81 N. E. 572; *Glendenning* v. *Stahley* (1910), 173 Ind. 674, 91 N. E. 234.

Finding no error in the record, the cause is affirmed.

Myers, C. J., did not participate in the decision of this cause.

NOTE.—Reported in 95 N. E. 235. See, also, under (1) 14 Cyc. 1041; (2) 14 Cyc. 1037; (3) 14 Cyc. 1042, 1049; (4) 14 Cyc. 1042; (5) 14 Cyc. 1030; (6) 14 Cyc. 1040; (7) 14 Cyc. 1063; (8) 14 Cyc. 1039, 1042; (9) 3 Cyc. 346.