## THOMPSON ET AL. *v.* FERGUSON ET AL.

[No. 22,128.   Filed October 28, 1913.]

1. **APPEAL.**—*Decisions Appealable.*—*Final Judgment.*—*Judgment Remanding Cause to Board of Commissioners.*—A judgment of the circuit court remanding proceedings for the improvement of a highway under the act of March 6, 1909 (Acts 1909 p. 263), to the board of county commissioners, with instructions to set aside all orders with reference to the cause previously made by such board, is a final judgment from which an appeal lies. p. 316.

2. **COUNTIES.**—*Board of County Commissioners.*—*Interest of Member.*—*Highway Improvement.*—Under §5969 Burns 1908, §5731 R. S. 1881, making two members of the board of county commissioners a quorum, the fact that one of the commissioners is interested in the improvement of a highway does not oust the board of its jurisdiction over the proceedings. p. 316.

3. **HIGHWAYS.**—*Improvement.*—*Proceedings Before Board of Commissioners.*—*Interest of Commissioner.*—*Objections.*—*Waiver.*— The fact that one member of the board of commissioners is a petitioner for the improvement of a highway, and participates with the other members of the board in the proceedings before it for such improvement, would not render such proceedings void, but, at most, merely voidable; and, where the interest of a commissioner appeared on the face of the petition and the remonstrators failed to object to his qualification to act until after the sufficiency of the petition had been determined and the viewers had been appointed and their report filed, the right to object will be deemed to have been waived. pp. 316, 317.

4. **HIGHWAYS.**—*Improvement.*—*Competency of Persons to Act.*— *Failure to Object.*—*Waiver.*—It is the general rule that failure to object at the earliest opportunity to the right of a person claimed to be disqualified to act in a highway improvement proceeding is a waiver of such objection. p. 317.

5. **HIGHWAYS.**—*Improvement.* — *Bond of Engineer.* — *Filing.* — *Officer De Facto.*—Under §§6, 7 of the act of March 6, 1909

Thompson *v.* Ferguson—180 Ind. 312.

(Acts 1909 p. 263), providing that the engineer and viewers appointed in highway proceedings under such act, shall each take and subscribe an oath of office, and that the engineer shall execute and file a bond conditioned for the faithful discharge of his duties, and that when such oath has been taken and such bond executed, they shall proceed without delay to view and make all needful surveys of the road, an engineer who took the oath and executed the bond and proceeded to the discharge of his duties without filing the bond, was a *de facto* officer and his acts were valid in so far as they concerned the public or third persons, and the subsequent filing of such bond perfected any defect that may have existed in his title and made him an officer *de jure.* pp. 318, 319.

6.   OFFICERS.—*Official Bonds.* — *Filing.* — *Statutory Provisions.* — *Construction.*—Statutory provisions relating to the time when official bonds are required to be filed are generally held to be directory and not mandatory, and failure of an officer to file the required bond within the time will not of itself work a forfeiture or create a vacancy.   p. 318.

7.   HIGHWAYS. — *Improvement.* — *Qualification of Viewers.* — *Time for Objection.*—Where remonstrators in a highway proceeding had notice of the filing of the petition for the improvement, and of the time when it would be heard, and that the board of commissioners might then, on determining the sufficiency of the petition, refer the matter to an engineer and two viewers, it was their duty to appear at such time and make objections, if any they had, on account of the disqualification of any one whom the board proposed to appoint as viewer, and failure to do so was a waiver of such objections, and even if such objections might later be raised a showing that remonstrators had no knowledge, actual or constructive, of the facts as to such incompetency when confronted with the first opportunity to object, would be required.   p. 319.

8.   HIGHWAYS.—*Improvement.* — *Qualification of Viewers.* — *Sufficiency of Objection.*—Where the order of the board of county commissioners, appointing a viewer in a highway proceeding, recited that he was a freeholder and voter of the county and was not a resident of or the owner of taxable property within the township affected, a motion, made after the report of the viewers had been filed, to set aside and reject the report, stating that such viewer "is the owner of taxable property," etc., in such townships, and therefore disqualified, "and that he was so disqualified at the time he acted as a viewer on said proposed improvement," was insufficient for the reason that it did not show that he was not qualified at the time he was appointed and acted as viewer, and for failure to aver an excuse for not making objection at the earliest opportunity.   p. 320.

9. HIGHWAYS. — *Improvement.* — *Objections to Viewers.* — *Waiver.* —*Appeal.*—An inefficient motion to the board of county commissioners after the report of the viewers in a highway proceeding had been filed, to set aside and reject the same, because of alleged disqualification of one of the viewers, is equivalent to an entire failure to present the question of his competency before the board, and precludes the raising of such question on appeal. p. 321.

10. HIGHWAYS.—*Appeal to Circuit Court.*—*Trial.*—Where a final order had been made by the board of county commissioners for the improvement of a highway, on appeal therefrom to the circuit court, the questions raised should be tried *de novo.* p. 322.

From Benton Circuit Court; *James T. Saunderson,* Judge.

Proceedings on the petition of William G. Thompson and others for the improvement of a highway, in which Bryce Ferguson and others remonstrated. From a judgment of the circuit court in favor of remonstrators on their motion to remand the proceedings back to the board of county commissioners, the petitioners appeal. *Reversed.*

*Burton B. Berry* and *Fraser & Isham,* for appellants.
*Edmon G. Hall* and *Elmore Barce,* for appellees.

Cox, J.—This proceeding for the improvement of a public highway on the line dividing Union and Gilboa Townships, in Benton County, was begun under the provisions of the act of March 6, 1909 (Acts 1909 p. 263). Appellants' petition for the improvement was filed in the office of the auditor of the county July 10, 1911, and, in accordance with the provisions of §§2 and 4 of the act, that officer fixed the date for the presentation of the petition to the board of commissioners and gave the required notice thereof. This date was August 7, 1911, the first day of the August meeting of the board. On the day fixed the petitioners made proof of the publication and posting of notices and presented their petition to the board. No taxpayer or person affected by the proposed work appeared and filed objections to the form or sufficiency of the petition and the board found and adjudged that due notice had been given and that the petition was in

all respects in legal form and sufficient. The board then appointed Don Heaton, surveyor of Benton County, a competent civil engineer, together with Charles Lawson and William Cyr as viewers. In the order of the board appointing them the latter were declared to be responsible freeholders and voters of the county, not residents of either of the townships named in the petition nor the owners of taxable property in those townships, which were qualifications the law required them to possess. Acts 1909 p. 263, §5. The engineer and viewers so named were by the order directed to meet at the auditor's office on August 10, to qualify, and thereafter to proceed with their duties and to file their report with the auditor on August 21, 1911. They were sworn and their report was filed on the respective dates fixed and their report was presented by them to the board of commissioners on September 4, 1911, the first day of the September meeting of the board. The bond of the engineer, required by §6 of the act (Acts 1909 p. 263), while executed August 25, 1911, was not filed with the auditor until September 1, 1911. But by its terms as executed it was to secure the faithful discharge of the duties of Heaton as engineer for the proposed road during the term of his service beginning August 10, 1911. On August 26 appellees filed with the auditor their remonstrance against the proposed improvement as provided by §7 of the act, on the ground that it would not be of public utility and convenience, and this remonstrance was presented to the board on September 4, 1911. On this same day one of the remonstrators filed with the board a written motion to set aside the order of the board, made at the August term, adjudging the petition sufficient and appointing an engineer and viewers, and based that motion on the fact that Winfield S. Rowe, one of the commissioners who participated in making the order, was one of the petitioners for the improvement and a freeholder, taxpayer, voter and citizen of Union Township, and was therefore disqualified as a trier of the proceeding. The mo-

tion was overruled. That action was followed on the same day by the same remonstrator filing a written motion to reject and set aside the report of the viewers. This motion was based on the same claim of interest and incapacity on the part of Rowe, the commissioner, and on the further grounds that the engineer did not qualify by filing his bond on August 10, 1911, at the time he took oath and that William Cyr as a stockholder and one of the owners of the Lochiel Elevator Company owning elevator property in Union Township which would be taxed for the improvement, was thereby not qualified to act as viewer. This motion was also overruled. After other proceedings contemplated by the act, the board ordered the improvement of the highway as petitioned for, and reported favorably by the engineer and viewers. From this final order of the board of commissioners appellees appealed to the circuit court and there two of the remonstrators filed an unverified motion to remand the cause to the board of commissioners with orders to set aside all orders of the board at its August term of 1911, and all subsequent orders made by it in the cause. This motion was based on the alleged disqualification of Rowe, the commissioner, of Cyr, the viewer, and of Heaton, the engineer, stated in the motion made before the board to set aside the report of the viewers. The court sustained the motion and rendered judgment accordingly. The only question involved in this appeal is the correctness of this ruling of the circuit court.

1. The judgment of the circuit court remanding the proceeding to the board of commissioners was a final judgment from which an appeal lies. *Carr* v. *Duhme* (1906), 167 Ind. 76, 78 N. E. 322, 10 Ann. Cas. 967.

2. In so far as the action of the trial court in sustaining the motion in question, depended upon the interest and alleged disqualification of Rowe, the county

3. commissioner, it was erroneous. The improvement of the proposed highway was to be paid for by

taxation and the interest of the commissioner in question was only that of all of the other taxpayers of the two townships affected, but we do not decide whether that interest would disqualify him or not, for we need not do so. Moreover, it does not appear that the participation of Rowe affected the interests of appellees injuriously at all. The statute (§5969 Burns 1908, §5731 R. S. 1881) makes two members of the board a quorum and it has been held that the fact that one of the three was interested does not oust the jurisdiction of that tribunal. *Cauldwell* v. *Curry* (1883), 93 Ind. 363, 365. But if it should be conceded that his interest was such as to require the application of the old maxim of the law, that no man can be the judge of his own cause, it would not render the proceedings of the board in which he participated void, but the utmost effect of his participation in the proceeding in any view of the matter would be to render the action of the board merely voidable. In such case the disqualification may be waived. It is

4. the general rule that unless objection is made at the earliest opportunity to the right of the person claimed to be disqualified to act, it will be deemed to be waived. *Carr* v. *Duhme, supra,* and cases there cited; *Seybold* v. *Rehwald* (1912), 177 Ind. 301, 95 N. E. 235; 37 Cyc. 83, notes 67, 68; 15 Am. and Eng. Ency. Law (2d ed.) 375; 1 Elliott, Roads and Sts. (3d ed.) §322.

Whatever disqualification attached to Commissioner Rowe, was made apparent by the presence of his name on the petition as one of the freeholders asking for the improve-

3. ment of the highway. Due notice of the filing of the petition and that it would be heard on August 7, 1911, was given to all of the taxpayers of the two townships concerned. The appellees had opportunity to appear and make objection to Rowe as one of the triers of the proceeding at that time but did not do so. Under the general rule stated whatever disqualification, if any, attached to him must be taken as waived.

The objection to the competency of the engineer to act in the matter and join in the report of the viewers presents no firmer foundation for the action of the trial court

5. in remanding the proceeding than the interest of the commissioner. Appellees' counsel earnestly urge the claim that the giving of the bond required of the engineer by §6 of the act was a condition precedent to his right to act under the appointment of the board and that as he did not give the bond before beginning the duties of the office, he was neither an officer *de facto* nor *de jure* and all of his acts were void. The law does not sustain counsel in this claim. It is true that §6 of the act provides that: "Such engineer and viewers shall meet at a time and place to be designated by such board of commissioners, within ten days after their appointment, and shall each take and subscribe an oath faithfully and impartially to discharge his duties, and such engineer shall execute, and file with such auditor, his bond, * * * conditioned for the faithful discharge of his duties." Section 7 provides: "When such engineer and viewers shall have taken the oath, and such surveyor has executed the bond herein prescribed they shall proceed without delay to view and make all needful surveys of the road," etc.

But this court has recognized and approved the rule

6. which prevails generally in this country that statutory provisions relating to the time when official bonds are required to be filed are directory and not mandatory and that a failure of an officer to file a required bond within the time will not of itself work a forfeiture of the right to the office or create a vacancy. *Board, etc.* v. *Johnson* (1890), 124 Ind. 145, 150, 24 N. E. 148, 19 Am. St. 88; *Albaugh* v. *State, ex rel.* (1896), 145 Ind. 356, 44 N. E. 355; *Willey* v. *Windham* (1901), 95 Me. 482, 50 Atl. 281; Throop, Public Officers §173; 8 Am. and Eng. Ency. Law (2d ed.) 787; Mechem, Public Officers §§265, 266.

This rule must obviously apply when, as here, the officer has been duly appointed, has taken the oath of office and entered

upon the discharge of the duties of the office.    In such case he is a *de facto* officer and his official acts are valid in so far as they, as in this case, concern the public or third persons.    Moreover, it will be seen that the statute does not provide specifically when the bond shall be *filed,* but does provide that the viewers and engineer shall proceed with the work without delay after the bond of the latter has been *executed.*    The record shows that the bond was executed on August 25, 1911, and filed with the auditor September 1, 1911.    In explicit terms it was conditioned for the faithful discharge of the duties of Heaton as the engineer of the proposed road during the term of his service as such beginning August 10, 1911.    The filing of this bond therefore perfected whatever defect had existed in the engineer's title and made him an officer *de jure* as well as *de facto* at the time objection was first raised against him by the motion to reject and set aside the report of the viewers. Mechem, Public Officers §266.

Whether the alleged disqualification of viewer Cyr as set out in the motion to remand the cause to the board, presents a substantial ground for the ruling of the trial court would, if so before us as to compel a decision of it, present a question not so clear.    But we do not reach that question and do not decide it.    It is urged upon us by counsel for appellants, that if it were true that Cyr was disqualified to act as viewer by reason of owning stock in a private corporation which owned taxable property in one of the townships affected by the road, appellees did not invoke timely and proper objection to the board of commissioners and therefore waived the incompetency.    From what has been said in considering the objections to commissioner Rowe it appears that appellees were notified of the filing of the petition for the improvement, that it would be heard on August 7, 1911, and that the board might then, if it adjudged the petition in due form and sufficient, refer the matter to an engineer and two viewers, for so the statute pro-

vides. This then would have been the first opportunity for appellees to appear and present whatever objection on account of disqualification which then existed and of which they had knowledge, to whomsoever the board proposed to appoint; and, indeed, this would be their duty in order to avoid the useless expense of futile work by unqualified viewers, for it is well settled that "such objections must be made at the earliest opportunity, so that the proceeding shall not be allowed to proceed to a fruitless result with accumulation of cost; and if not so made they will be deemed waived." *Seybold* v. *Rehwald, supra.* They did not appear and did not make objection at that time. If in any case they might later raise the objection, it must appear that they had no knowledge, actual or constructive, of the facts showing the incompetency when confronted with the first opportunity to object. Appellees' motion containing the objection to the competency of viewer Cyr as made to the board on September 4, 1911, averred no fact showing any lack of knowledge of his alleged disqualification at the earlier date.

Furthermore, as we have seen, the order of the board appointing the engineer and viewers recited that Cyr was a freeholder and voter of Benton County and that he 8. was not a resident of or the owner of taxable property in either of the townships concerned. It is averred in appellee's motion to the board that Cyr "*is* the owner of taxable property situated in Union Township, Benton County, Indiana, that is to say, he *is* one of the owners and a stockholder of the Lochiel Farmers Elevator Company, which owns, operates and controls certain real estate and elevator property in said Union Township which will be taxed for the improvement and maintenance of public highways and other public utilities in said township; that said elevator property and real estate is now taxed for public purposes, both township, county and state. * * * That by reason of the fact that said William Cyr *is* the owner of taxable property

in said Union Township he *is* by law disqualified from acting in the capacity of a viewer in this proceeding and was so disqualified at the time he acted as a viewer on said proposed improvement.'' Upon this averment of incompetency the board was not asked to appoint a new viewer to further act in Cyr's stead but to set aside and reject the report made. As stated heretofore, Cyr was appointed viewer August 10, and the report of the work of the engineer and viewers was filed August 21. If an unverified averment against a record may be permitted at all, certainly it must be a direct and positive one. The record of the board showed that at the time of his appointment Cyr was qualified in the particular attempted to be denied by the motion. The allegations of the motion in this respect speak in the tense of the time when the motion was filed. He might have been a taxpayer in the township when this was done, but not when he was appointed and when he acted and joined in the report. The record of the board and the averments of the motion might both be true. The allegation that he ''was so disqualified at the time he acted as a viewer'' is a conclusion that is wholly unwarranted by the averment of the fact of his present ownership of stock of the corporation. The motion called for summary action on the part of the board and it was insufficient to compel that action for the reason that it did not show that Cyr was not qualified at the time he was appointed and acted as viewer; and for the further reason that the motion averred no excuse for not making objection at the earliest opportunity. The board therefore rightly overruled the motion made to it. Appellees' inefficient motion to the board was equivalent to an entire failure

9. to raise the question of the viewer's competency there; and a failure to raise it there would, under the well-settled rule preclude them from raising it on appeal. See *Aetna Life Ins. Co.* v. *Jones* (1909), 173 Ind. 149, 89 N. E. 871, and the numerous cases therein cited. In so

far as the circuit court's order to remand was based on the objection to viewer Cyr there made, it was therefore without foundation.

It follows that the trial court erred in remanding the proceeding to the board of commissioners. As it had in that tribunal reached a final order for the improvement of the highway, the questions there raised should have been tried *de novo* in the circuit court on appeal. *Miller* v. *Wabash R. Co.* (1908), 171 Ind. 109, 85 N. E. 967.

The judgment is reversed with instructions to the lower court to overrule the motion there made to remand the cause to the board of commissioners and to proceed further in accordance with this opinion.

NOTE.—Reported in 102 N. E. 965. See, also, under (1) 2 Cyc. 586; (2) 11 Cyc. 411; 37 Cyc. 59; (3) 37 Cyc. 76; (4) 37 Cyc. 76; (5, 6) 29 Cyc. 1388; (7) 37 Cyc. 83; (8) 37 Cyc. 107; (9) 37 Cyc. 136; (10) 37 Cyc. 140.