## HARDIN ET AL. v. COOK ET AL.

[No. 22,321. Filed May 22, 1914.]

1. DRAINS.—*Proceedings to Establish.—Objections to Commissioner.—Waiver.*—Objections to the appointment of a competent engineer as drainage commissioner, instead of the county surveyor, who was not disqualified, made in a motion to set aside the report of the commissioners, came too late, since such objections should be made at the first opportunity, and before the incurring of the expense occasioned by the report. p. 699.

2. DRAINS.—*Proceedings to Establish.—Objections to Petition.—Waiver.*—There was no error in overruling a motion in arrest of a judgment establishing a drain, on the ground that the petition on its face failed to show that the lands sought to be drained do not lie within the corporate limits of a town or city, since the objection, if otherwise tenable, could have been presented by demurrer, and was waived by failure to present it within the time prescribed by §6142 Burns 1914, Acts 1907 p. 508, §3. p. 700.

3. DRAINS.—*Proceedings to Establish.—Remonstrance.—Motion to Strike Out.*—Where a number of separate remonstrances against the report of drainage commissioners were filed a paper termed a motion to strike out the first cause of remonstrance, but not designating the remonstrance to which it was intended to apply, did not challenge any cause in either remonstrance, hence the sustaining of such motion was of no effect as to either. p. 700.

4. APPEAL.—*Harmless Error.*—Error cannot be predicated on what has the form only of a ruling, but which is in fact a mere nullity. p. 701.

5. DRAINS.—*Proceedings to Establish.—Evidence.—Admissibility. Practicability of Drain.*—Where evidence had been introduced in support of remonstrances against the report of the drainage

commissioners, to the effect that the character of the soil was such that the proposed drain would fill up with sand and gravel, and thus become ineffective it was proper for petitioners to prove in rebuttal that an owner of land in the same valley and having the same character of soil had successfully drained the same. p. 701.

6. DRAINS.—*Proceedings to Establish.—Evidence.—Admissibility. Practicability of Drain.*—In a proceeding to establish a drain, the fact that a former drain, as to which testimony was given as bearing on the practicability of the proposed drain, was situated some distance from the location of the proposed drain, would affect the weight, but not the competency of such testimony. p. 703.

From Henry Circuit Court; *Ed Jackson*, Judge.

Proceeding on the petition of Charles L. Cook and others to establish a drain, in which John C. Hardin and others remonstrated. From a judgment for petitioners, the remonstrants appeal. ˙ *Affirmed.*

*Forkner & Forkner*, for appellants.
*Fred C. Gause* and *Scotten & Hindshard*, for appellees.

MORRIS, C. J.—Appellees filed a petition, in the circuit court, to establish a tile drain located wholly in Henry County. No demurrer was filed to the petition, nor was any objection made thereto until after the hearing on issues of fact formed by appellants' remonstances. On June 11, 1910, the petition was referred to drainage commissioners for report. Instead of designating the county surveyor as one of the commissioners, the court appointed Omar E. Minesinger, a competent engineer. §6142 Burns 1914, Acts 1907 p. 508, §3. To this appointment there was, at the time, no objection. Various petitions for extending the time of filing the report were filed and granted. Finally on April 10, 1911, the report was filed. On April 12, 1911, each appellant filed a motion to set aside the report, on the ground, among others, that the county surveyor was disinterested and competent to act as commissioner "and would not have failed to give bond had he been appointed by the court." The motion was over-

ruled, with exception to the ruling, and this action is here assigned as erroneous. Should it be conceded that enough facts are stated in the motion to have entitled appellants to any relief, it is sufficient to say that the motion came too late. Objections of this character should be urged at the first opportunity, and before the incurring of the expenses occasioned by the report. *Thompson* v. *Ferguson* (1913), 180 Ind. 312, 102 N. E. 965; *Seybold* v. *Rehwald* (1912), 177 Ind. 301, 95 N. E. 235; *Metzger* v. *Whitsell* (1914), *ante* 126, 103 N. E. 1078; *Brown* v. *Powers* (1914), 182 Ind. —, 104 N. E. 857.

Appellants' motion in arrest of judgment was overruled. This action is here urged as erroneous, because the petition, on its face, fails to show that the lands of petitioners, sought to be drained, do not lie within the corporate limits of any town or city. The objection, if otherwise tenable, might have been presented by demurrer. Section 3 of the drainage act of 1907, provides that "All objections to the petition * * * not made within said ten days shall be deemed waived." §6142 Burns 1914, *supra*. Appellants waived their right to a consideration of the question by failure to present it to the trial court within the statutory period. *Pittsburgh, etc., R. Co.* v. *Gregg* (1914), *ante* 42, 102 N. E. 961, and authorities cited.

Each of the three appellants, John C. Hardin, Horace L. Hardin, and Albert F. Kennard, filed a separate remonstrance against the commissioners' report under the provision of §4 of the drainage act. §6143 Burns 1914, Acts 1907 p. 508, §4. In each one, the first cause assigned is "that the report of the commissioners is not according to law." Appellees filed a paper, purporting to be a motion, "to strike out the first cause of remonstrance of the separate remonstrance of ———— herein, for the reason that said pretended cause of remonstrance does not state any grounds for remonstrance, as by the law provided." Following the filing of the "motion", the record

recites that the court "sustains said motion" and that appellants excepted. This alleged ruling is assailed as erroneous. The paper filed did not challenge any cause of remonstrance of either appellant. It shows on its face that it was not directed at any pleading of either appellant or any party to the action. It was a nullity, and "sustaining" such purported motion did not have the effect of striking out the first cause of remonstrance of any appellant, and had no effect whatever, and error cannot be predicated on what has the form only of a ruling, but which, in fact, is a nullity.

Appellants remonstrated, among other things, on the grounds that the proposed work will not be sufficient to drain the lands affected; that it is impracticable and will not accomplish the proposed drainage because the proposed grade for the tile will be lower than the water bed in which it is proposed to lay them; and because the size of the tile proposed is insufficient to drain the lands. The proposed work is intended to drain some low land lying in a valley immediately west of Blue River. The ditch has its outlet in the river and commences at a point more than a half mile west thereof. Its length is approximately 7,000 feet, and at station 67, it is only about 200 feet west of the river. The lower part of the work will be constructed of tile twenty inches in diameter. The ditch has a fall of about fourteen feet in its entire course. At its outlet the bottom of the tile will be practically level with the surface of the water in the river, at low water mark. From stake 55 to stake 67, the bottom of the tile will be lower than the low water surface of the river, at nearest points thereto—in some places nearly two feet below.

It was appellants' contention in the court below that a great portion of the tile must be laid in a bed of sand, gravel and water, very much below the level of the water in Blue River, and because of the free percolation of the river water through this bed, the ditch would fill

with sand and silt and fail to accomplish the intended drainage. Witnesses on behalf of appellants dug holes along the line of the proposed drain from stake number 55 to that numbered 67, and testified that they found nothing but sand, gravel and water, and that water arose in the holes to a level with that in Blue River—a stream about three rods wide. At these points the proposed ditch will be about six feet deep, and the water rose in the holes to within three and one-half feet of the surface of the ground. One Miller, an engineer, testifying for appellants, said he dug a hole at stake 30, and that at that point water rose to the level of the river surface; that the river level there was 19½ inches above the bottom of the proposed drain, and that the soil formation was substantially the same throughout the valley. A number of witnesses who were present at the above tests gave opinion evidence that the proposed ditch would not drain the lands. In rebuttal, one Compton, a witness for appellees, testified that his wife had formerly owned two tracts of land affected by the proposed work and now owned by appellant Horace L. Hardin; that while the witness' wife owned the land he had constructed some tile drains on it. He was asked the following question: "Now in the same valley, and in this ground supposed to be affected by this proposed ditch, if you put a ditch in, or cleaned one out, on this land, * * * where was that?" Appellants objected to the question because it was too remote, and because "specific instances are not admissible in this case." The objection was overruled, and the witness testified that he constructed on the land owned by his wife, a ten-inch tile drain, emptying into Blue River; that the tile were laid in a bed of sand, gravel and water; that subsequently the ditch failed to work, and was for a time abandoned; that afterwards he took up some of the tile near the outlet, and found them full of sand, and, at one point, misplaced, because of settling; that at this point he relaid the tile on a board foundation, cleaned out the outlet, and afterwards the ditch

drained the land through which it ran. Appellants earnestly contend that it was error to admit this evidence of a collateral fact—particularly as the ditch constructed by the witness was quite a distance from the proposed one. We are of the opinion that no error was committed. It was appellants' theory that the soil of this valley was of such character as to permit the river water to percolate through it so freely as to render a tile ditch incapable of draining the land, and numerous witnesses gave opinion evidence to that effect. If it was a fact, that in the same valley, near the proposed ditch, and in the same character of soil, a ditch properly constructed, did drain the land, such fact would tend to impair the free percolation theory. "Whether a given cause, of any nature, was capable of producing a given result may be satisfactorily established by proof that it actually accomplished it on another occasion. * * * the power of a given force may be established by showing its effect on other occasions." 4 Chamberlayne, Mod. Law of Ev. §3183. "While * * * it is not competent for the party calling an expert to show by him particular instances in his own experience confirming * * * the opinion he has expressed, for the reason that such evidence would be collateral, yet the opposite party may introduce evidence of particular instances opposed to such opinion, for the reason that such evidence tends to overthrow the opinion." Gillett, Indirect and Collat. Ev. §61. See, also, Stephen, Dig. Law of Ev. Art. 50, p. 107, and *Commonwealth* v. *Leach* (1892), 156 Mass. 99, 30 N. E. 163. While the proposed ditch is some distance from the one con-

6. structed by the witness, it was in the same valley, and appellants' engineer testified that the soil of different parts of the valley was substantially of the same character, and the question of distance from one ditch to the other would affect the weight rather than the competency of the offered evidence. There was no error in the ruling.

There was some evidence to support the decision of the

trial court, and no reversible error appears in the record. Judgment affirmed.

NOTE.—Reported in 105 N. E. 231. As to the procedure for the establishment of drains and sewers, see 60 L. R. A. 161. See, also, under (1, 2) 14 Cyc. 1037; (3, 5) 14 Cyc. 1042; (4) 3 Cyc. 383.