## FISHER *v.* BLUMHARDT ET AL.

[No. 22,576. Filed January 6, 1915.]

1. APPEAL.—*Questions Reviewable.—Objection to Jurisdiction.*—
An objection to the jurisdiction of the court over the subject-
matter may be interposed at any time before the final disposi-
tion of the cause, and may be raised for the first time on
appeal if it appears upon the face of the record. p. 605.

2. HIGHWAYS.—*Improvement.—Review of Proceedings of Board of
Commissioners.—Jurisdiction.*—Under §7793 Burns 1914, Acts 1905
p. 521, relating to appeals to the circuit court from any decision
of the board of commissioners in a highway proceeding, only
such issues as were tried before the board can be tried in the
circuit court; hence in a highway proceeding where the board
made an order directing the issuance of bonds, and no objection
was made or remonstrance filed against such bond issue while
the matter was pending before it, the circuit court was without
jurisdiction to hear and determine the matter on appeal from
the order of the board. p. 605.

From White Circuit Court; *James P. Wason,* Judge.

Proceedings on the petition of Christian Blumhardt and
others for the improvement of a highway. From a judg-
ment of the circuit court against him on his appeal from
the order of the board of county commissioners directing
the issuance of bonds, William Fisher appeals. *Reversed.*

*Truman F. Palmer, Benjamin F. Carr* and *W. W. Thorn-
ton,* for appellant.

*Lawrence D. Carey, Addison K. Sills* and *Addison K.
Sills, Jr.,* for appellees.

ERWIN, C. J.—In the year 1911, a large number of the
citizens and taxpayers of Cass Township, White County,
petitioned for the improvement by grading, draining and
paving with gravel, stone or other road paving material,
certain roads in said township. Such proceedings were had
as that an election was held in said township, and as a re-
sult thereof the board of commissioners ordered the road
constructed, and let a contract therefor for the sum of

$21,500, and ordered bonds to issue for the purpose of securing the necessary funds for the building of said road. It is admitted that up to the time of the letting of the contract every step taken was regular and in accordance with the statutes regulating such proceedings. On May 6, 1913, the board of commissioners made an order directing the issuance of bonds in said matter. Appellant filed a bond and prayed an appeal to the circuit court from said order so made. Appellees seasonably moved to dismiss said appeal, which was overruled, and the cause came on for trial on the question of the legality of the bond issue, only.

The statute under which appellant claims the right to this appeal is §7793 Burns 1914, Acts 1905 p. 521, and is as follows: ''Except as otherwise provided in this act, any person aggrieved by any decision of the board of commissioners of any county, in any proceeding in relation to highways, may appeal therefrom within thirty days thereafter to the circuit court of such county, by filing a bond, with surety and penalty, to be approved by the auditor of such county, conditioned for the due prosecution of such appeal, and the payment of costs, if costs be adjudged against him; and in case proceedings shall be had in more than one county, the appeal shall be to the circuit court of the county in which the proceedings were first instituted, and the auditor of each county, on being notified of such appeal by the auditor of the county in which the appeal is taken, shall transmit to the clerk of the court to which the appeal is taken a transcript of all the proceedings in such county; and upon the determination of such appeal such clerk shall give notice thereof to the auditors of all the counties interested. Such appeal shall be tried *de novo,* and may be had as to any issue [tried], or that might have been tried, before the county board; but every report made to the board of viewers or reviewers or by any committee, body or officer, under the provisions of this act, shall be considered in evidence on such appeal. The court may make final determina-

tion of the cause so appealed, or may refer the case back to the county board or boards, with direction how to proceed. This act shall not have the effect to release any penalty, forfeiture or liability incurred under any former statute, nor shall it affect any pending litigation or proceedings, but the same shall be concluded and be effective in all respects as if this act had not been passed.''

It is insisted by appellant that as the appellees have assigned no cross errors there is no question presented on the ruling of the court on the motion to dismiss the appeal from the board of commissioners, and that they can not now insist upon, and this court would have no right to pass upon, that question. An objection to the jurisdiction of the court over the subject-matter may be interposed at any time before the final disposition of the cause and may be raised for the first time in this court, where it appears on the face of the record. *Metsker* v. *Whitsell* (1914), 181 Ind. 126, 103 N. E. 1078, and cases cited.

It appears from the record that appellant made no objections, nor filed any remonstrance against the issue of bonds while the matter was pending before the board of commissioners. It was only after his appeal was taken to the circuit court that he undertook to make an objection to the issue of bonds. This was too late, and as no issue was formed before the commissioners on this proposition, and could not have been tried without an issue, it must follow that the same could not be presented for the first time in the circuit court. Under the section above quoted the trial in the circuit court, ''may be had as to any issue tried, or that might have been tried before the county board''. It is only such issues as were presented to the board that can be tried in the circuit court. *Aetna Life Ins. Co.* v. *Jones* (1909), 173 Ind. 149, 89 N. E. 871; *Bland* v. *Cassaday* (1913), 181 Ind. 36, 102 N. E. 853; *Thompson* v. *Ferguson* (1913), 180 Ind. 312, 102 N. E. 965. It must follow that the circuit court had no authority to adjudicate

this matter, as the same was not in issue before the board of commissioners and was therefore not triable in the circuit court. The judgment is therefore reversed with directions to the circuit court to remand the proceeding to the board of commissioners.

NOTE.—Reported in 107 N. E. 466. As to right to condemn private land for highways, see 91 Am. Dec. 585. See, also, under (1) 2 Cyc. 680; (2) 37 Cyc. 136.