NOTE.—Reported in 119 N. E. 1.

---

## GROW *v.* DAVISSON ET AL.

[No. 23,163.   Filed April 3, 1918.]

1. DRAINS.— *Extension of Drain.*— *Statutes.*— Proceedings for the location and construction of a drain which followed the line of an old drain, but was much longer and differed from it in other particulars, was properly brought under §6140 *et seq.* Burns 1914, Acts 1907 p. 508, instead of the act of 1915 relative to the cleaning, repair and improvement of drains. p. 306.

2. DRAINS.— *Construction.*— *Appointment of Engineer.*— Where the county surveyor, on account of other business, declined to serve as engineer in a proceeding for the construction of a drain and the court appointed a competent and disinterested

engineer to serve in his place, it was too late to object to the appointment when the commissioner's report was offered in evidence at the hearing of a remonstrance. p. 306.

3. DRAINS. — *Establishment.* — *Review.* — *Questions of Fact.* — Where a finding of the trial court as to whether certain lands will be damaged or benefited by the construction of a proposed drain is supported by some evidence, it will not be reviewed. p. 306.

From the Jasper Circuit Court; *Charles W. Hanley,* Judge.

Petition by Amos Davisson and others for the construction of a public drain. From a judgment for the petitioners, the remonstrant, Henry R. Grow, appeals. *Affirmed.*

*W. H. Parkinson,* for appellant.
*Abraham Halleck,* for appellees.

SPENCER, C. J.—Petition by appellees for the location and construction of a certain public drain in Jasper county, pursuant to the provisions of the Drainage Act of 1907. §6140 *et seq.* Burns 1914, Acts 1907 p. 508. The matter was referred to commissioners, who subsequently filed a report recommending the establishment of the proposed improvement substantially on the line described in the petition. Appellant thereupon filed a remonstrance against this report on the ground, among others, that his land would be damaged rather than benefited by the new ditch. The court found against this remonstrance, after a hearing on the issues presented thereby, and entered a judgment establishing the proposed work in conformity to the commissioners' report, as modified in certain particulars concerning which no question is raised.

Preliminary to the hearing on appellant's remonstrance, he filed a verified plea to the jurisdiction of the circuit court on the ground that the proceed-

1. ing is in fact one for the cleaning and repair of an old ditch and should have been brought under the provisions of the Drainage Act of 1915. Acts 1915 p. 417. Although the new improvement in part follows the line of an old drain, it is much longer and differs from it in certain other particulars. It has been expressly decided that under such circumstances the act of 1907, *supra,* is applicable, and the circuit court has jurisdiction of the proceeding. *Clifton* v. *McMains* (1915), 184 Ind. 539, 541, 111 N. E. 801, and authorities there collected.

The next objection challenges the introduction in evidence of the commissioners' report on the ground that the engineer, one Nesbit, had no authority to act 2. in the premises. The record shows that the county surveyor voluntarily declined to serve on account of the pressure of other business, and the court appointed Nesbit, a competent and disinterested engineer, to act in his stead. No objection was made to this appointment until the commissioners' report was offered in evidence and it was then too late. *Hardin* v. *Cook* (1913), 181 Ind. 698, 700, 105 N. E. 231, and cases cited.

Finally, it is contended that the evidence shows that appellant's lands will be damaged rather than benefited by the proposed improvement. This objection 3. presents an issue of fact on which the decision of the trial court is not without support in the record. *Portland, etc., Mach. Co.* v. *Gibson* (1915), 184 Ind. 342, 346, 111 N. E. 184.

Judgment affirmed.

NOTE.—Reported in 119 N. E. 145.