BURGET, ADMINISTRATOR, *v.* MIDDLESTADT, TREASURER.

[No. 9,859. Filed November 21, 1917.]

1. COUNTIES. — *Issuance of Bonds.* — *Validity.* — *Limitation of Amount.*—*Incidental Expenses.*—*Statute.*—Under §7725d Burns 1914, Acts 1913 p. 604, declaring it unlawful for any board of county commissioners to issue bonds, or any other evidence of indebtedness payable by taxation, for the construction of roads when the total issue for that purpose, including bonds already issued and to be issued, is in excess of four per cent. of the total assessed valuation of the property of the township wherein the roads are located, and providing that all bonds or obligations issued in violation of the act shall be void, bonds the amount of which did not exceed four per cent. of the total assessed valuation of the township, were not void, though the total cost of construction and all necessary expenses incident to the proceedings would have, if included in the amount for which bonds were sold, exceeded the statutory limitation of indebtedness, the prohibition of the statute being against the issuance and sale of bonds in an amount exceeding the limitation of indebtedness fixed therein. p. 22.

2. COUNTIES.—*Highway Bonds.*—*Validity.*—*Rate of Interest.*—*Statutes.*—Under §7726a Burns 1914, Acts 1911 p. 337, providing that all county or township bonds for the purpose of building, constructing and paying for free gravel roads shall be exempt from taxation, provided that they do not bear a greater rate of interest than four and one-half per cent., and §7953 Burns 1914, §5201 R. S. 1881, providing that when a rate of interest in excess of that allowed by the statute shall be contracted for, the contract shall be void as to such usurious interest, bonds for the construction of a gravel road which were issued under statutory authority were not wholly void because bearing six per cent.

interest, even though the statutes be construed as limiting the rate of interest to four and one-half per cent. and not merely as requiring that the rate of interest shall be so limited in order to render the bonds exempt from taxation.  p. 24.

3.  COUNTIES.—*Highway Bonds.—Irregularity in Issuing.—Special Taxes.—Enjoining Collection.*—The collection of a special tax levied for the payment of gravel road bonds cannot be enjoined at the instance of a taxpayer even though the board of county commissioners exceeded its authority in causing the bonds to bear more than four and one-half per cent. interest, since the bonds were not wholly void because of such irregularity.  p. 25.

From White Circuit Court; *James P. Wason,* Judge.

Action by William Burget against Otto C. Middlestadt, treasurer of White county, in which Morgan Burget, administrator of the estate of William Burget, deceased, was substituted as plaintiff.  From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Truman F. Palmer* and *Benjamin F. Carr,* for appellant.

FELT, J.—This suit was begun by William Burget, and upon his death, by substitution of parties, was continued by appellant, Morgan Burget, administrator of the estate of William Burget, deceased, against appellee.  The complaint consists of original and supplemental pleadings of great length by which appellant sought to enjoin appellee as treasurer of White county, Indiana, from collecting taxes alleged to have been unlawfully assessed against his property for the construction of the Christian Blumhardt gravel road.

Appellee demurred to the complaint for insufficiency of the facts alleged to state a cause of action entitling appellant to injunctive relief.  The court sustained the demurrer, appellant excepted, refused to plead over, and elected to stand upon said ruling.

Thereupon judgment was rendered that he take nothing by his complaint and for costs. From such judgment this appeal was taken, and error assigned on the ruling of the court in sustaining the demurrer as aforesaid.

This is the second appeal growing out of the same proceedings before the board of commissioners of White county, Indiana, for the improvement of said highway. *Fisher* v. *Blumhardt* (1914), 182 Ind. 603, 107 N. E. 466. The original proceedings were begun in 1911. The contract was thereafter let and bonds were issued to be sold to secure the funds necessary to pay for the improvement. In 1913, one Fisher appealed to the circuit court from the order of the board of commissioners authorizing the issuance of the bonds aforesaid. Fisher also appealed from the judgment of the circuit court, as above shown. The Supreme Court held that the circuit court did not acquire jurisdiction to determine the validity of the aforesaid issue of bonds, because their validity was not an issue before the board of commissioners. The judgment of the circuit court was reversed, and that court directed to remand the proceedings to the board of commissioners.

The complaint sets out all the proceedings in detail, much of which will be omitted here because not questioned. The complaint shows that an election was duly held at which a majority of the votes cast favored the proposed improvement; that after due notice the contract was let in July, 1912, for $21,250, and the board entered an order that at the time of making the general tax levy in each year, a special tax should be levied upon all the property of Cass township, White county, Indiana, sufficient to pay the

bonds for said improvement as they matured; that after the proceedings were remanded to the board of commissioners by the White Circuit Court, in pursuance of the mandate of the Supreme Court, such board, on April 5, 1915, entered an order directing the auditor of said county to cause the bonds for said improvement to be printed and sold in accordance with the order of the board of date May 6, 1913; that in pursuance thereof said auditor caused bonds to be issued and sold, numbered from 1 to 40 inclusive, each for $527.50, dated May 6, 1913, and maturing in series from May 15, 1914, to November 15, 1923, and each purporting to bear interest at the rate of six per cent., due and payable annually; that thereafter, on May 3, 1915, said board made an entry, in which it recited the facts of former litigation and the appeal to the Supreme Court, and stated that: "The board further finds that by reason of an appeal having been taken, and not because of there having been no bid obtained the sale and delivery of said bonds was not consummated and that no levy of a tax was made to pay any such bonds, and interest as the same should mature.

"That at this time four bonds of said issue have become due and four more will become due before a tax can be levied and collected to pay the same.

"Now, the board being fully advised finds and determines that, for the best interest of the taxpayers of said Cass township, and to assure a more ready and better sale of the bonds in said matter, an order should be made at this time in reference thereto and to fix the maturities of said bonds in the future, when a tax may be levied and collected to redeem the same as they become due, which order shall supersede the former order herein dated May 6th, 1913.

"It is therefore now ordered by the board that for the purpose of paying for said improvement and the expenses incident thereto the bonds of White county, Indiana, be issued in the sum of $21,100.00, in denominations of $527.50 each, to draw interest at the rate of six per cent. per annum; that they be dated May 4, 1915, numbered from 1 to 40, inclusive, and that they be payable at the time and in the amounts as follows:—Bonds shall be issued in forty equal numbers of $527.50 each. Bonds No. 1 and 2 shall be due and payable May 15th, 1916, and bonds numbered 3 and 4 shall be due and payable November 15th, 1916, and two bonds each May and November thereafter respectively, until all of said bonds shall be due and payable.

"It is further ordered by the board of commissioners of White county, Indiana, that for the purpose of raising money to meet the payment of bonds and interest thereon there shall be at the time of making the general tax levy of each year a special tax levied upon all the taxable property of Cass township, White county, Indiana, sufficient to pay all bonds maturing and the interest thereon to be collected as other taxes are collected, which money, when collected, shall be applied to the payment of said bonds and interest thereon as they become due and the auditor is hereby ordered to cause said bonds to be prepared and issued and when properly signed to deliver the same to the treasurer of White county, Indiana, to be sold at not less than their par or face value, as required by law."

That the auditor of White county issued said bonds in the sum of $21,100, as last above shown, and placed a special tax levy on all taxable property of Cass township, White county, Indiana, sufficient to provide

the money to pay said bonds and interest thereon as they mature; that said auditor sold the aforesaid bonds, and is now threatening to sell the property of plaintiff in said township to provide the funds out of which to pay said bonds, and will do so if not enjoined by the court; that the aforesaid tax was placed upon the tax duplicate of said county against the property of plaintiff and such tax duplicates are now in the hands of the treasurer of said county; that at the time the aforesaid order was entered authorizing the issuance of said bonds the total assessed valuation of the property in said Cass township, after deducting all mortgage exemptions, was $555,660; that necessary expenses had been incurred in the aforesaid proceedings amounting to $1,000, and there will also be an additional sum, the amount of which cannot now be definitely ascertained, required to pay the compensation of the engineer and superintendent of construction on said improvement, which will amount to $500 or more, and the total cost of the improvement will aggregate $24,000; that the board knew all of the aforesaid facts when the bonds were ordered issued; that an instrument on file in the auditor's office of said county shows that on September 17, 1915, the board levied a tax of seventy-five cents on each $100 worth of taxable property in said township to provide funds out of which to pay said bonds and interest; that the cost of said improvement is in excess of four per centum of the taxable property of said township after deducting all mortgage exemptions; that at the time the order was made authorizing the issuance of said bonds the board wholly failed to designate the rate of interest the bonds should bear, except as above shown; that to raise funds sufficient to pay the full cost of said improvement and neces-

sary expenses incident thereto required the sale of bonds amounting to $24,000, which sum is in excess of four per centum of the assessed value of the taxable property of said township; that at the time the aforesaid William Burget owned real estate in said township assessed for taxation at $960 and personal property assessed at $180, all of which was, and is, subject to taxation for the purpose aforesaid; that the order of said board authorizing the issuance of said bonds and the placing of the tax aforesaid on the tax duplicate as aforesaid is illegal, and the attempt of the treasurer to collect said tax as aforesaid is unlawful; that plaintiff has no adequate legal remedy.

Wherefore he prays that the aforesaid treasurer be forever enjoined from collecting any tax for the improvement of the Christian Blumhardt road aforesaid, and for all further and proper relief in the premises.

The appellee has not favored us with a brief.

In the memorandum accompanying the demurrer appellee contends that the complaint is insufficient for several reasons, in substance, as follows: (1) It is not charged that the bonds issued and sold were in excess of the amount required to pay for the improvement and authorized expenses, or that the amount of the bonds was in excess of four per centum of the total assessed valuation of the taxable property after deducting mortgage exemptions. (2) It is not shown by the averments that any attempt is being made to collect from plaintiff taxes for the purpose of paying bonded indebtedness in excess of four per centum of the total value of the property assessed for taxation in said township. (3) That the averments do not show that the bonds issued and sold were for more than the contract price and the costs, expenses, and

superintendent's per diem authorized by the statute. (4) That the administrator has no interest in the litigation which entitles plaintiff to injunctive relief. (5) That the averments show the bonds to be valid obligations of the county; that plaintiff and decedent in his lifetime made no objection to the issuance and sale of the bonds, and cannot now be heard to object to payment of taxes shown to be duly levied to pay such bonds. (6) The presumption of law is that the holder of such bonds obtained them for value before maturity without notice of any defense against the collection of them, and as the complaint fails to negative the aforesaid facts, the presumption prevails. (7) The averments show that all notices required in such proceeding were duly given. Plaintiff is bound thereby, and, having stood by and seen the bonds issued and sold without objection, cannot be heard to object to the collection of taxes duly levied for payment of such bonds. (8) The board of commissioners had authority to determine the facts upon which the bonds were issued, and, having determined that the issue did not exceed the statutory limitation, their decision is conclusive against plaintiff under the facts averred. (9) If the bonds issued exceeded the statutory limitation they would only be void for the amount in excess thereof.

Section 7725a Burns 1914, Acts 1913 p. 604, provides: "That it shall be unlawful for any board of county commissioners in the State of Indiana,

1.    to issue bonds, or any other evidence of indebtedness payable by taxation, for the construction of free gravel or macadamized roads under any law in force in this state, when the total issue for that purpose, including bonds already issued and to be issued, is in excess of four (4) per centum of the

total assessed valuation (after deducting all mortgage exemptions) of the property of the township or townships wherein such roads are located or to be located, and all bonds or obligation issued in violation of this act shall be void: Provided, That all such bonds shall be issued in the order in which the judgments establishing the respective roads are rendered; and, Provided, further, That in determining the total issue of bonds as herein referred to the amount of tax collectible during the current year for the payment of road bonds then issued and outstanding and for which the tax levy has already been made shall be deducted from the aggregate total of such bonds, and the amount remaining shall be and constitute the total issue of such bonds as herein defined.''

Section 10152 Burns 1914, Acts 1899 p. 422, authorizes mortgage exemptions and provides that ''The amount of such valuation remaining after such deduction shall have been made shall form the basis for assessment and taxation.''

The averments do not show the existence of road bonds or obligations for which the property of Cass township was liable to assessment, other than the issuance for $21,100 of bonds for the improvement over which this controversy arose. The averments show that at the time the bonds were issued and sold the property assessed for taxation in Cass township, after deducting all mortgage exemptions, amounted to $555,660, four per cent. of which is $22,226.40, or $1,126.40 more than the total amount of the bonds issued and sold as aforesaid. The amount of the bonds issued and sold, therefore, did not exceed the statutory limitation invoked by appellant. The prohibition of the law is plainly against the issuance of bonds or other obligations where the aggregate

amount thereof exceeds the limitation of the statute.

Under the statute, the question involved turns upon the amount of the bonds issued and sold. We are not called upon to determine anything in regard to incidental expenses or costs that may thereafter accrue in excess of the amount of funds that may lawfully be raised by taxation for such improvement. The cost of construction and all necessary expenses incident to the proceedings may properly be included in the amount for which bonds are issued and sold, but the failure to include all such expenses does not necessarily invalidate bonds issued and sold where the amount of the bonds does not exceed the sum authorized by the statute. *State, ex rel.* v. *Board, etc.* (1908), 170 Ind. 595, 601, 85 N. E. 513.

Section 7726a Burns 1914, Acts 1911 p. 337, provides: "That all bonds hereafter authorized by any county or township in the State of Indiana, for the purpose of building, constructing and paying for the construction of any free gravel, macadamized or other improved roads, shall be exempt from taxation: Provided, Said bonds shall not bear a greater rate of interest than four and one-half per cent. interest per annum, payable semi-annually."

Section 7953 Burns 1914, §5201 R. S. 1881, provides that when a rate of interest in excess of that allowed by the statute shall be contracted for, the contract shall be void as to such usurious interest.

Section 7726a, *supra,* exempts gravel road bonds from taxation where the rate of interest does not exceed four and one-half per cent., but does not declare such obligations void if they are made to bear a higher rate of interest. Whether such section limits the rate of interest to four and one-half per cent. on

the obligation therein mentioned, generally, or only exempts from taxation those bonds in which the rate is so limited, we need not, and do not decide.

The law applicable to any contract enters into and becomes a part of it, and will control even though the form of terms of the agreement are inconsistent therewith. All the interested parties are chargeable with knowledge of the law applicable to the rate of interest that may lawfully be charged and collected on bonds issued for highway improvements.

The board of commissioners had statutory authority to issue the bonds in question, and conceding, without deciding that the interest was in excess of the lawful rate, the bonds were not thereby rendered wholly void. 2 Cyc 553; *Daviess County* v. *Dickinson* (1886), 117 U. S. 657, 6 Sup. Ct. 897, 29 L. Ed. 1026, 1029; *Board, etc.* v. *Fertich* (1897), 18 Ind. App. 1, 5, 46 N. E. 699; *Board, etc.* v. *Shields* (1891), 130 Ind. 6, 29 N. E. 385. If, as contended by appellant, the board exceeded its authority in causing the bonds to bear more than four and one-half per cent. interest, the irregularity in providing for and issuing bonds bearing six per cent. interest would not entitle appellant to the relief prayed for in this proceeding. We are not now concerned with the results that may follow, or as to the persons upon whom responsibility may be laid, if the rate of interest is in excess of that authorized by law, and effort shall be made to enforce the same. It is sufficient for the purpose of this case that the bonds so issued are not absolutely void. *Brown* v. *Follette* (1900), 155 Ind. 316, 323, 58 N. E. 197; *Baum* v. *Thoms* (1897), 150 Ind. 378, 382, 388, 50 N. E. 357, 65 Am. St. 368. It appears, therefore, from the averments of the complaint that the amount of the bonds issued was less

than four per cent. of the total amount of taxable property after deducting mortgage exemptions, in the township where the proposed highway was to be constructed.

It is not alleged or claimed that appellant's property is not liable for its proportion of the special highway tax except for the alleged insufficiency of the amount of property subject to taxation and the alleged illegal rate of interest as above shown. It follows, therefore, that the complaint fails to state a cause of action for injunction. *McCrory* v. *O'Keefe* (1903), 162 Ind. 534, 536, 70 N. E. 812; *Larimer* v. *Krau* (1914), 57 Ind. App. 33, 37, 103 N. E. 1102, 105 N. E. 936; *Smith* v. *Smith* (1902), 159 Ind. 388, 391, 65 N. E. 183; *Board* v. *Spangler* (1902), 159 Ind. 575, 583, 65 N. E. 743.

In view of the conclusion reached, other questions suggested in appellant's brief need not be considered. Judgment affirmed.

Hottel, C. J., Ibach, P. J., Dausman, Caldwell and Batman, JJ., concur.

NOTE.—Reported in 117 N. E. 682.