No. 13,194.

## GOODWINE *v.* LEAK ET AL.

DRAINAGE.—*Act of 1885.*—*Additional Notice as to Lands Affected.*—*Time of Filing Remonstrance.*—Where the land of an owner, affected by a drain proposed to be constructed under the act of 1885, is not all described in the petition, he is not limited to ten days from the filing of the final report of the commissioners within which to remonstrate, but the last proviso in section 3 of the act (Acts of 1885, p. 133) governs, and he has ten days after the additional notice there provided for has been given.

From the Warren Circuit Court.

*J. W. Sutton* and *W. L. Rabourn,* for appellant.

*J. W. Cole,* for appellees.

ELLIOTT, J.—The appellees petitioned for the establishment of a ditch, under the drainage law of 1885. Notice was given. At the time appointed for the commissioners to file their report, a partial report was filed, and it was ordered that further time be granted in which to file the final report. In this partial report the commissioners stated that lands not described in the petition would be affected by the construction of the drain. On the 21st day of December, 1885, the final report was filed. Notice to the owners of the land not described in the petition, was ordered on the 28th day of that

month. On the 9th day of January, 1886, the appellant filed a remonstrance. The appellees moved to strike out the remonstrance, but the motion was then overruled; subsequently, however, the court changed its ruling, and sustained the motion of the appellees in so far as it related to the land described in the petition, but overruled it in so far as it referred to the land not described in the petition. It is our judgment that the first ruling was right, and the last wrong.

The provision of the statute requiring the remonstrance to be filed within ten days after the filing of the final report, does not apply to cases where the land of an owner is not all described in the petition, but does apply to cases where all the land is described by the petitioners. Where the land is not all described in the petition, the last proviso in section 3 of the act of 1885 governs, and that leaves the entire case open until the notice there specified has been duly given. Acts of 1885, p. 133. By force of that proviso, a land-owner is not in court as to all of his land until the notice required has been given, and until he is in court he is not bound to file the remonstrance against the report of the commissioners. He has ten days after the notice has been given to file his remonstrance, for, as against him, the final report of the commissioners does not operate until he has been notified as the law requires. He is not bound to try his case by piecemeal, but may wait until he is brought into court by due notice, and then make his remonstrance apply to the entire report, so far as it affects his property. It is evident that to give any other construction to the statute would make it inconsistent and inharmonious, and produce confusion in the proceedings under it. The law requires that one trial shall settle the entire controversy, and that one remonstrance shall present the entire issue.

Judgment reversed, with instructions to set aside the submission, overrule the appellees' motion, and again try the case.

Filed April 25, 1888.