## WILEY ET AL. *v.* PECKINPAUGH ET AL.

[No. 21,748.    Filed November 26, 1912.]

1. DRAINS.—*Proceedings to Establish.—Right to Remonstrate.—* Under §6143 Burns 1908, Acts 1907 p. 508, §4, providing that on the filing of a new report by the drainage commissioners, any person whose lands are reported as affected by the proposed drain may remonstrate for the same causes allowed for remonstrance against the first report, but that such second remonstrance shall only be as to new matters contained in such new report, parties who failed to remonstrate against the first report have no right to remonstrate against a new report that contains no new matter in any way affecting their lands or their rights.    p. 621.

2. DRAINS.—*Proceedings to Establish.—New Report of Drainage Commissioners.—Right to Remonstrate.—Remonstrance by One Not Party to First Report.—*Under §6143 Burns 1908, Acts 1907 p. 508, §4, giving to remonstrants in a drainage proceeding the right to remonstrate against a new or amended report of the drainage commissioners for the same causes allowed for remonstrance against the first report, but restricting such second remonstrance to new matters contained in such new report, one who was not assessed in the first report and did not become a party until the filing of a second report in which his lands are reported as affected, has a right to remonstrate against such new report.    p. 622.

3. APPEAL.—*Review.—Conflicting Evidence.—Judgment.—*The Supreme Court will not weigh conflicting evidence, nor set aside a judgment where there is competent evidence to sustain it. p. 623.

From Delaware Circuit Court, *James S. Engle,* Special Judge.

Drainage proceeding by William Peckinpaugh and others against which George E. Wiley and others remonstrated. From a judgment establishing the drain, the remonstrants appeal. *Affirmed.*

*Ball & Murray, Thompson & Sprague,* for appellants.

*George H. Koons, George H. Koons, Jr.,* and *Adolph Rogers,* for appellees.

SPENCER, J.—Appellees filed their petition in the Delaware Circuit Court, to establish a drain affecting lands and public highways in Delaware and Henry counties, Indiana, under §6141 Burns 1908, Acts 1907 p. 508, §2. On the filing of a second or new report by the drainage commissioners, in compliance with an order of court, and striking out a remonstrance thereto by appellants Ocker, Painters, and others, and sustaining the remonstrance of appellant George E. Wiley, the court ordered said drain established, and approved the drainage commissioners' report of assessments and damages, from which judgments this appeal is taken.

The record shows that said petition was filed in the office of the clerk of the Delaware Circuit Court on August 4, 1909. On September 9, 1909, proof of service of notice on owners of lands described in said petition was made, and the petition docketed as a cause of action pending in said court. The petitioners tendered their bonds for costs, which were duly approved. October 4, 1909, the court made a finding that no remonstrance, demurrer or objection had been filed to said petition within the time required by statute, and that the same was sufficient and according to law.

The court referred said petition to Leonidas L. Cooper, drainage commissioner of Delaware county, Harry V. Moore, surveyor of said county, and William O'Harra, of Henry county, as third drainage commissioner, with orders to meet October 7, 1909, and report on November 16, 1909, but said time was subsequently extended to January 3, 1910. Said commissioners filed their report in the office of the clerk of the Delaware Circuit Court December 28, 1909, and refiled the same January 3, 1910, and the court fixed January 24, 1910, as the day for hearing said report.

On January 18, 1910, the Board of Commissioners of the county of Henry, having been assessed as benefited on certain public highways, filed its remonstrance against said report, alleging that the same was not according to law, in this: That said report provided for the erection, removal and repair of different bridges on public highways in Henry and Delaware counties, crossing at different points Little Bell creek, in the line of said proposed drain.

Proof of service of notice on all resident and nonresident owners of land named in said report of the drainage commissioners, and not named in the petition, was made on January 21, 1910.

The court heard the remonstrance of said board on February 14, 1910, and the same was sustained, on the grounds that the report "is not correct and not made in conformity to law, and that the same be not accepted, and that it should be referred back to the drainage commissioners, and that said report be set aside. It is further considered, adjudged and ordered that said drainage commissioners meet in the office of the clerk of the Delaware Circuit Court in Delaware county, State of Indiana, on the 16th day of February, 1910, and proceed to make and file a new report." Said drainage commissioners filed their new report February 25, 1910, and March 14, 1910, was set by the court as the day fixed for hearing said second report. March 9, 1910, George E. Wiley, and the other appellants herein, filed their separate and several remonstrances, setting up eight statutory grounds. The petitioners filed their motion to strike out said remonstrance of appellants filed to the second or new report, which motion was by the court sustained, except as to appellant Wiley.

The remonstrance of said Wiley was tried by the court, which after making a special finding of facts, and stating conclusions of law thereon, found that the law was with appellees, and the assessments of benefits made in the report of the drainage commissioners against the land of George

E. Wiley should be stricken out, and that his lands will not be benefited nor damaged by said proposed work, to which ruling appellant Wiley at the time objected and excepted. The court rendered judgment establishing said drain, confirming and approving all the assessments of benefits and damages as set out in the new and second report of the drainage commissioners, except the assessment of benefits on the land of said George E. Wiley, which assessments were equalized among the owners of land affected.

Two questions are presented by this appeal for our determination: (1) Have appellants Ocker, Painters and others, except George E. Wiley, who did not remonstrate against the first report of the drainage commissioners, a right to remonstrate against the second or new report? (2) Did the court err in sustaining the remonstrance of George E. Wiley, and has he a right to appeal?

Section 6143 Burns 1908, Acts 1907 p. 508, §4, provides: "If upon hearing, the court shall decide that the first of the above causes of remonstrance is true, the court may direct the commissioners to amend and perfect their report, or the court may in its discretion set aside said report, refer the matter anew back to said commissioners for a new report. In making such an order for a new report, the court shall fix the time and place of their meeting, and when they shall report; and when said new report is made and filed, any person whose lands are reported as affected may remonstrate within the same time therefrom and for the same causes as is hereby allowed to remonstrate against the first report, but such second remonstrance shall only be as to new matters contained in the second, or amended report." This section of the statute is clear and decisive of this question. Appellants Ocker, Painters and others, had the time fixed by statute within which to file their remonstrance to the first report made by the drainage commissioners. These appellants did not remonstrate against said first report within the time so fixed.

Parties other than appellants, however, did remonstrate against the first report of the drainage commissioners, which remonstrance was sustained by the court, and the report was referred back to the drainage commissioners for a new report. The drainage commissioners filed their second or new report, and on examination the new report shows that it contained no new matter which does in any way affect the lands or the rights of said appellants, within the meaning of the above section of the statute under its expressed provisions, consequently they have no right to remonstrate against the second or new report filed by the drainage commissioners.

The court found from the evidence in its special finding of facts, that the proposed drain was practicable, will improve public health, benefit public highways in Delaware and Henry counties, will be of public utility; that the costs, damages and expenses of construction will be less than the benefits to landowners affected; that the assessments on lands affected are just and equitable; that the second or new report was according to law; that said drain will reclaim a large tract of low, wet and unproductive land, and furnish a proper drain for other lands; that the lands of George E. Wiley, remonstrant, will be neither benefited nor damaged by said proposed drain; that his assessments are not reported in the first report of the drainage commissioners, but were included in the second or new report, and the same should be diminished to the full amount of said assessments and stricken out.

Section 6143, *supra,* gave appellant George E. Wiley the right to file and present his remonstrance. His land, not being assessed in the first report of the drainage commissioners, he did not become a party until the filing of the second or new report, and was then entitled to his day in court.

2.

The evidence introduced was conflicting, but of sufficient

weight to sustain the finding of the court. It is not the province of this court to weigh conflicting evidence, 3. nor set aside a judgment where there is competent evidence to sustain it. *Cleveland, etc., R. Co.* v. *Gossett* (1909), 172 Ind. 525, 87 N. E. 723; *Wolcott* v. *Hayes* (1909), 43 Ind. App. 578, 88 N. E. 111.

We find no error in the ruling of the lower court that would warrant a reversal of this case, therefore judgment is affirmed.

NOTE.—Reported in 99 'N. E. 807. See, also, under (2) 3 Cyc. 349.