### PAPENBROOK ET AL. v. WHITE.

[No. 24,080. Filed December 19, 1923.]

1. DRAINS.—*Construction.—Over Line of Old Ditch.—Specifications of Old Ditch Unnecessary.—*Where the proposed drain, in part, is to be constructed over the route of an existing drain and will entirely supplant that part of it, being wider and deeper than the original ditch, there is no necessity for the report of the drainage commissioners giving the width, depth, and slope of the banks of the old ditch. (*Cromer* v. *Bridenbaugh* [1919], 188 Ind. 393, distinguished.) p. 24.

2. DRAINS.— *Construction.— Procedure.— Amendment of Drainage Commissioners' Report.—Directions to Commissioners.—*In a drainage proceeding, where the court finds that the report of the drainage commissioners is not according to law, it is its duty to direct the commissioners to amend and perfect their report, and an order so directing because a part of the ditch as reported by them was in another state is not objectionable on the ground that it orders them to make a new plan of construction or to fix a different terminus. p. 25.

3. DRAINS.—*Drainage Commissioners.—Competency of.—Objections to.—When Made.—*Objections to the competency of drainage commissioners must be made at the first available opportunity, and where all the parties to a drainage proceeding were

in court at the time the report was referred back to the commissioners for amendment, and no objections were made to the commissioners' competency, they cannot be made after the commissioners have acted and made an amended report. p. 25.

4. DRAINS.—*Amended Report of Drainage Commissioners.—Remonstrance to.—Limited to New Matter.—Statute.*—The statute (§6143 Burns' Supp. 1921, Acts 1917 p. 292) expressly limits the causes for remonstrance to an amended or new report of drainage commissioners to the new matters contained in the amended or new report, and where the only change in an amended report was to shorten the ditch 140 feet and thereby reduce the estimated cost $17, there was no "new matter" within the meaning of the statute, and remonstrators to the original report could not remonstrate to the amended report. p. 26.

5. DRAINS.—*Location of Ditch.—Commissioners Determine Best Route.—Statute.*—The drainage commissioners are not bound to follow the route described in the petition, but are authorized by the statute (§6142 Burns 1914, Acts 1907 p. 508, superseded by Acts 1920 p. 108) to determine "the best and cheapest method of drainage, the * * * route, location and character of the proposed work," and although the petition for the ditch described the proposed drain as following the course of an old ditch, the commissioners had authority to eliminate bends and otherwise depart from the line of the old drain. p. 27.

6. DRAINS.—*Construction.—Sufficiency of Outlet.—Question of Fact.*—Whether the ditch reported by the drainage commissioners will have a sufficient outlet is a question of fact for the trial court, and the Supreme Court will not attempt to weigh the evidence on that point. p. 27.

7. DRAINS.—*Construction.—Benefits Exceeding Cost.—Public Utility.—Questions for Trial Court.*—Where there is evidence to sustain the trial court's decision as to whether the cost of constructing the drain will exceed the benefits and whether the drain will be of public utility, it will not be disturbed on appeal. p. 27.

8. DRAINS.—*"Two-thirds Remonstrance."—Time of Filing.—Fraud Preventing.—Waiver by Delay.*—Where remonstrators showed that they were prevented from filing a "two-thirds remonstrance" by the fraudulent representations of the petitioner at the time the petition was filed, any right they might have had to file such remonstrance after the time fixed by statute was lost by their waiting until the cause had been tried on its merits and until after an amended report of the drainage commissioners had been filed. p. 27.

Papenbrook v. White—194 Ind. 17.

9. DRAINS.—"*Two-thirds Remonstrance.*"—*Qualifications of Signers.*—*Statute.*—The statute (§6142 Burns 1914, superseded by Acts 1920 p. 108,) defines the persons who may sign· a "two-thirds remonstrance" as landowners "who may be affected by any assessment or damages, resident in the county or counties where the lands affected are situated", and there is no error in overruling a petition to be allowed to file such remonstrance after the time fixed by statute where neither the petition nor the remonstrance showed that the signers were residents in the county where the lands affected were situated.   p. 29.

10. DRAINS.—*Procedure.*—*Excluding Evidence.*—*Harmless Error.*—Any error in excluding evidence of the value of the land of a remonstrator after the construction of the proposed drain was rendered harmless when witness was permitted to answer another question to the same effect.   p. 30.

11. TRIAL.—*Striking out Irrelevant Evidence.*—In the trial of a drainage proceeding, the court properly struck out an answer of a witness that "We Ohio people expect to dam that right there", it being a statement of what witness and other undefined people were expecting to do in the future and not a statement of·fact.   p. 30.

12. TRIAL.—*Exclusion of Evidence.*—*Repetition.*—In a proceeding to establish a public drain, it was proper to sustain an objection to a question whether the only benefit from the proposed ditch would be to take water from the property higher up and throw it on the lands of the property owners lower down when the answer would have been a repetition of testimony of the witness.   p. 30.

13. TRIAL.—*Exclusion of Evidence.*—*Offer to Prove. must be Made Before Ruling.*—When offered evidence is rejected, the facts expected to be proved by the witness' answer to the question must be stated to the court before the ruling, in order that the ruling may be available as error.   p. 30.

14. TRIAL.— *Exclusion of Evidence.*— *Reason Given for Competency of Evidence.*—*Change on Appeal.*—When evidence is offered and objection made thereto, the party offering it is bound by the reason for its competency stated to the court, and, on appeal, will not be allowed to assert that it was competent on another ground or for another purpose.   p. 31.

15. DRAINS.— *Procedure.*— *Equalizing Assessments.*— *Allowance of Increased Damages.*—In a drainage proceeding where remonstrances have been filed to the award of damages, the fact that the court allowed to certain landowners greater damages than the drainage commissioners did is no reason for "equalizing" the assessments of benefits.   p. 32.

16. DRAINS.— *Procedure.*— *Allowance of Increased Damages.*— *Funds for Payment.*—*Statute.*—In a drainage proceeding where remonstrances were filed because the damages were inadequate, and the court sustained the remonstrances and increased the damages, there was no reason for making provision as to the funds to be used in paying such damages, as the statute (§6144 Burns 1914, Acts 1907 p. 508, §4), makes provision as to what fund shall be used to pay damages. p. 32.

17. APPEAL.—*Briefs.*—*Proposition Unsupported by Points and Authorities.*—A proposition in a brief which is not supported by any points or authorities will not be considered on appeal. p. 32.

From Allen Superior Court; *George M. Eberhart,* Special Judge.

Drainage proceedings instituted by Harley O. White. From a judgment ordering the ditch established, confirming an amended report of the drainage commissioners and modifying the assessments, Bernard Papenbrook and others appeal. *Affirmed.*

*J. H. & A. L. Aiken, Levi A. Todd, Lee J. Hartzell* and *Harvey Crabill,* for appellants.

*Barrett, Hoffman & Barrett,* for appellee.

GAUSE, J.—The appellee filed, in the Allen Superior Court, his petition for the establishment of a drain. From a judgment confirming an amended report of the drainage commissioners, as modified by the court, and ordering the ditch established, this appeal is taken.

Some of the appellants were named in the petition for the drain and their land described as being affected, and the other appellants were brought in by the report of the drainage commissioners. Due notice was given to those named in the petition and, after the filing of the report of the commissioners, due notice was given to the landowners named in said report who were not named in the petition.

After the petition was docketed, no remonstrances or

objections were filed to the petition and the same was referred to drainage commissioners, who filed their report on September 13, 1919.

On September 22, 1919, the appellants, James D. McCormick, Dan Slatterly, Charles D. Dittlinger, Frank Neadstine, John Neadstine, John R. Minerd, Sarah C. Van Horn, Omer H. Hardy, James Minerd and William Schmidt filed remonstrances, alleging three grounds of remonstrance, namely: 1. That it would not be practicable to accomplish the proposed drainage without an expense exceeding the aggregate benefits. 2. That the proposed work will neither improve the public health nor benefit any public highways of the county, nor be of public utility. 3. That the proposed work as decided upon and reported by the drainage commissioners will not be sufficient to properly drain the lands to be affected thereby.

At the same time, appellants Omer H. Hardy and Joseph E. Baldwin filed separate remonstrances, setting out the same causes of remonstrance as above set out, and also claiming that they would be damaged by the construction of the proposed drain. Remonstrances were also filed by other persons, who are not appellants.

Evidence was heard on the issues raised by these remonstrances and on July 17, 1920, the court found that the report of the commissioners was not according to law for two reasons: 1. That the report of the commissioners showed the drain to extend beyond the boundary line of the State of Indiana, it extending into the State of Ohio about 140 feet. 2. That the details and specifications of the proposed ditch were not sufficiently specific as to a part of said proposed ditch which was to follow the channel of an existing ditch.

The court referred said report back to the original drainage commissioners, ordered them to amend and

perfect the same according to law, and to report not later than July 23, 1920. On July 23, 1920, said drainage commissioners filed their amended report.

The only difference between the amended report and the original report was that the ditch terminated at the Indiana state line and more detailed specifications were given for that part of the new ditch which was laid over the route of a former ditch, so as to show the width of that part of the proposed ditch at the top as well as at the bottom, the width at the bottom only having been shown in the original report, and also to show the total depth of such part of the new ditch, whereas the original report only showed the depth below the bottom of the existing drain.

The only change that the amended report made in the proposed ditch, over that contained in the original report, was that the ditch stopped about 140 feet short of the terminus provided in the original report, the excavation was seventeen yards less in the entire work, and the estimated cost was $17 less than the estimated cost in the original report. The grade, or fall, of the ditch was the same in both reports, as was its route, and, in all other respects, it was the same ditch.

On July 24, 1920, which was after the amended report had been filed, the appellants filed a written motion to strike out the amended report, for the reasons that the term of office of Raymond J. Mourey, ditch commissioner, had expired prior to July 20, 1920, and that commissioner George W. Schlemmer had moved from Allen county to Lagrange county after the original drainage commissioners' report was made and prior to July 20, 1920, both of these men having been commissioners to whom the original petition had been referred, who had made the original report and who signed the amended report; also, alleging that the amended report was not according to law.

On the same date, the appellants William Schmidt, James D. McCormick, John Neadstine, Bernard Papenbrook and Frank Neadstine filed separate remonstrances to the amended report, specifying in such remonstrances the first, third, fourth, fifth, seventh, eighth, ninth and tenth causes of remonstrance, as provided in §6143 Burns' Supp. 1921, Acts 1907 p. 508, as amended Acts 1917 p. 292.

On July 31, 1920, the other appellants filed similar remonstrances to the amended report.

On August 3, 1920, the appellants filed a motion asking leave to file what they termed a "two-thirds remonstrance" to the amended report, and also tendered for filing what they denominated a "two-thirds remonstrance."

On November 8, 1920, the appellee filed his written motion to strike out the petition for leave to file the so-called two-thirds remonstrance, and also to strike out such two-thirds remonstrance, which motion was sustained by the court, and the appellants were refused the right to file the so-called two-thirds remonstrance. The court on this date also overruled the motion of the appellants to strike out the amended report of the drainage commissioners.

On November 17, 1920, the appellee filed a written motion to strike out the separate remonstrances of the appellants to the amended report, which motion was sustained by the court. The court then found in favor of the appellant Omer H. Hardy, on his remonstrance for damages that had been filed to the original report, and awarded him the sum of $450 damages, in addition to the amount awarded him by the commissioners in the original report. The court then ordered the drain established and constructed, and confirmed the assessments and award of damages as made by the commis-

sioners and modified by the court, and appointed Asa W. Grosvenor, construction commissioner.

The appellants filed a motion for a new trial, which was overruled by the court. By their motion for a new trial, the overruling of which they have assigned as error, and by other assignments of error, the appellants question the several rulings of the court above set out, as well as certain alleged errors occurring in the trial of said cause.

It is urged by the appellants that the decision of the trial court is contrary to law and is not sustained by sufficient evidence, for the reason that the proposed ditch is in part to be constructed over the route of an existing ditch and the report of the drainage commissioners does not give the width, depth or slope of those parts of the old ditch which are to be occupied by the proposed ditch, and cite the case of *Cromer* v. *Bridenbaugh* (1919), 188 Ind. 393, as sustaining this contention.

The case cited is not an authority on the point raised, for the reason that, in the case referred to, it was argued that the proposed ditch, which was to be constructed of tile laid in the bed of an established open ditch, was only to be supplemental to the original open ditch, and that part of this original ditch was to be left open above the tile, so that there would remain in effect drainage in two forms, namely, in part through the tile and in part through the channel left above the tile but within the banks of the original ditch. The court held that the specifications were not sufficient to provide for a construction of this kind, for the reason that the width and depth to which the original channel was to be left open above the proposed tile was not shown, so that if the ditch were constructed, there would be no fixed specifications for the same.

In the case at bar, the proposed ditch, where it fol-

lows the same course as the original ditch, is to entirely supplant that part of the original ditch, and the specifications of the ditch as it will be after construction would be the specifications as set out in the commissioners' report. There could be no reason for the report to contain the specifications of the original ditch, since the proposed ditch at all points is wider and deeper than the original.

The appellants also urge that the decision below is contrary to law and not supported by sufficient evidence, for the reason that the court "had no right to

2. order the drainage commissioners to make a new plan of construction and determine the terminus of the ditch." The court found that the original report of the commissioners was not according to law, for the reason that about 140 feet of the proposed ditch was in the State of Ohio, and also because the specifications were not sufficiently definite; but in its order to the commissioners, they were only directed to amend and perfect their report according to law, and the order did not determine what the report should be. The court having found that the original report was not according to law, it was then its duty to direct the commissioners to amend and perfect their report. §6143 Burns 1914, *supra.*

It is next urged by appellants that the drainage commissioners were not competent to act in making the amended report, for the reasons set out in their

3. motion to strike out the amended report, which were: that the county drainage commissioner's time had expired, and that the third commissioner had removed from Allen county where the proposed ditch is located. The appellants had all been duly notified of this proceeding and were in court when the order of the court was made referring said cause back to the original drainage commissioners, with directions to

amend their report. This was the time for them to have objected to the competency of any of the commissioners to act. Not having made any objection at this time, and not showing any excuse for having failed to do so, they could not wait until after the commissioners had acted and had made a new report before filing any objections. Their objections came too late. *Seybold* v. *Rehwald* (1911), 177 Ind. 301; *Hardin* v. *Cook* (1914), 181 Ind. 698; *Grow* v. *Davisson* (1918), 187 Ind. 304.

It is next urged by appellants that they had a right to file separate remonstrances to the amended report, specifying therein grounds of remonstrance not

4. specified in their remonstrances to the original report. Their right to remonstrate against the amended report was not controlled by whether they had or had not remonstrated on the same grounds to the original report, but their right to remonstrate to the new report is expressly limited by the statute to new matters contained in the amended report. (§6143 Burns' Supp. 1921, *supra*). None of the remonstrances in question went to any new matter contained in the report. The only new matter in the report which was a change from the original report was in making a ditch which had originally been planned to be 13,300 feet long, about 140 feet shorter, which required seventeen yards less excavation, and reduced the estimated cost $17. In all other respects, the drain as proposed in the new report was the same as the one proposed in the original report. The new report shows that it does not contain any new matter which in any way affects the lands or the rights of the appellants, within the meaning of the above section of the statute. Consequently, they had no right to remonstrate against the amended report. *Wiley* v. *Peckinpaugh* (1912), 178 Ind. 618.

It is next urged by appellants that the amended report is not according to law, and, in support of this,

appellants say that the proposed ditch has no outlet and eliminates a bend in a part of the original ditch, while the petition for the ditch followed the course of the old ditch. The commissioners were not bound to follow the route described in the petition, but are authorized to determine "the best and cheapest method of drainage, the termini and route, location and character of the proposed work." §6142 Burns 1914, Acts 1907 p. 508. The commissioners having determined the details as to how the proposed drainage could best be accomplished, the court cannot say that, because they eliminated a bend in the existing ditch and thereby shortened the same about 7,000 feet, the report was not according to law. As to whether the outlet is sufficient and whether it would afford any different or better drainage for the land affected are questions of fact. The court heard many witnesses on both sides of this question, and this court will not weigh that evidence to determine whether the court decided according to the weight thereof or not. There was sufficient evidence to justify the court's decision.

It is urged by appellants that the costs and expenses of the proposed ditch will greatly exceed the benefits. The evidence is conflicting on this issue and, there being ample evidence in the record to sustain the court's decision, it will not be disturbed on appeal. The same may be said as to the appellants' contention that the proposed ditch is not of public utility.

It is next urged that the court erred in not permitting the appellants to file what they denominate a two-thirds remonstrance after the amended report of the commissioners had been filed. In their petition for leave to file this remonstrance, the appellants alleged that they had been prevented from filing said remonstrance theretofore, by reason of the fact that

when the petition was filed for this proposed drainage, the petitioner informed said remonstrators that, if they would not file said remonstrance, called by the appellants a "two-thirds remonstrance", the petitioner would pay the expenses which had been incurred in circulating said two-thirds remonstrance, and that the petition, in fact, only involved the cleaning out of the existing drain; that the petitioner would agree that there should be no new channel cut, and no change in the course of said ditch; that the remonstrators relied upon said statements and withheld said remonstrance from the files, but instead of carrying out said representations, the petitioner influenced and induced the drainage commissioners to report a ditch altogether different from that petitioned for, and at a large additional cost, and that said representations were false.

Under the statute, two-thirds in number of the landowners named as such in the petition, or who might be affected by any assessment or damages *resident in the county or counties where the land affected are situated,* had the right to remonstrate in writing against the construction of such ditch, if such remonstrance was filed within twenty days, exclusive of Sundays, from the date set for the docketing of such petition.

The record shows that the petition in this cause was filed in the office of the clerk of the court below February 24, 1919; that said petition was docketed April 7, 1919, the court having found that due notice of the date of docketing had been given to all parties interested, as required by law; that on May 14, 1919, said petition was referred to the drainage commissioners; that said commissioners filed their report September 13, 1919; that the appellants did not offer to file this so-called two-thirds remonstrance until August 3, 1920, almost eleven months after the report of the drainage commissioners had been filed, and in which report they

described a drain containing all of the features which the appellants now claim the petitioner had agreed to prevent. If the appellants had made a showing of fraud which would entitle them to file a two-thirds remonstrance after the time fixed by the statute for the filing of such a remonstrance had expired, yet no excuse is shown why they waited almost a year after they must have known that a fraud had been perpetrated upon them, if such was the case, before they took any action looking to relief. Instead of acting promptly, they waited until the cause had been tried on its merits, and until after the amended report had been filed. As to whether the appellants would have been entitled to file this remonstrance upon the showing made if they had acted promptly, we need not decide, but it is clear that if they ever had such a right they lost it by their long and unexcused delay.

Furthermore, the statute above referred to describes who shall be competent persons to sign a so-called two-thirds remonstrance, as being "two thirds in

9. number of the land-owners named as such in such petition, or who may be affected by any assessment or damages, *resident in the county or counties where the lands affected are situated.*"

Neither the petition for leave to file the remonstrance nor the remonstrance itself alleged that the signers of such remonstrance constituted two-thirds in number of the land-owners named as such in such petition, or who may be affected by any assessment or damages, *resident in the county or counties where the lands affected are situated,* and it did not appear, either from the remonstrance or the petition for leave to file the same, that such remonstrance was signed by the requisite number of qualified remonstrators. The court did not err in refusing permission to the appellants to file the so-called two-thirds remonstrance.

It is urged by appellants that the court erred in refusing to permit their witness Charles S. Bacon to testify as to what the value of the land of the appellant Baldwin would be after the construction of the proposed ditch. Said witness was permitted to answer another question to the same effect put by the appellants, so that the appellants were not harmed thereby.

Complaint is made of the court's action in striking out of an answer made by the witness E. T. Crosby the following: "We Ohio people expect to dam that right there." This was a statement of what the witness and other undefined people were expecting to do in the future and was not a statement relative to any fact that was in issue in the cause. The court did not err in striking out the same.

Appellants complain because an objection was sustained to the following question put to C. R. Lindemuth, a witness for appellants: "Then is or is it not a fact that the only benefit that would be derived from the construction of a new ditch would be to take the water of the property owners higher up and throw it on the lands of the property owners lower down?" Said witness had testified fully as to the effect, in his opinion, of the construction of the proposed ditch, and the question asked, to which an objection was sustained, was only a repetition of what the witness had already given. Furthermore, the particular facts which the appellants expected to prove by the answer to the question, were not stated. When offered evidence is rejected, the particular facts expected to be proven must be stated to the court before the ruling, in order that the ruling may be available as error. *State, ex rel.*, v. *Cox* (1900), 155 Ind. 593; *Williams* v. *Chapman* (1903), 160 Ind. 130.

Complaint is made that appellants' witness Julian

Pepe was not permitted to answer the question as to the value of appellant Baldwin's lands after the construction of the proposed ditch. The record shows that the witness did answer substantially the same question and gave his opinion thereon, in response to another question by appellants. Furthermore, no offer was made by appellants as to what they proposed to prove in answer to the question to which the court sustained an objection.

It is urged that the court committed error in sustaining an objection to the following questions put to appellants' witness Bernard Papenbrook: "What is the value of your land with the present ditch?"

14. "How much would your land be worth after the construction of the proposed ditch here?"

This witness is one of the appellants here but had not filed any remonstrance on the question of damages at the time of the trial. When these questions were asked and an objection made thereto, but before the court ruled thereon, the appellants stated to the court, as shown by the record, that this evidence was "offered solely for the purpose of enabling the court in determining where any damages that may be allowed in this case shall be placed, to determine the same for the purpose of showing that no such damages should be added to the assessment made in this case against this remonstrator."

The court did not add any damages to the assessment made against the remonstrator, and it is not contended by the appellants in their brief that the evidence offered was competent for the purpose stated to the court when offering it, but the only reason they give now for the evidence being competent is that it would tend to prove that the benefits of the ditch would be less than the expense. Appellants invited the ruling of the court upon their statement that the evidence was

offered solely for a particular purpose. They cannot now be heard to say that it would have been competent for an entirely different purpose, after having led the court to rule upon its competency for the purpose stated in their offer.

Complaint is also made of the court's ruling in sustaining the appellee's objection to a question put to appellants' witness John L. Shehan by the appellants, relating to the effect of the proposed ditch. Appellants did not state what facts they expected to prove by the evidence sought to be elicited by the question and therefore no error can be predicated upon the court's action in sustaining the objection. *State, ex rel.,* v. *Cox, supra; Williams* v. *Chapman, supra.*

Appellants say that the court erred in failing to equalize the assessments after allowing damages to certain land-owners, and that no provision was made 15, 16. as to what funds should be used to pay damages.

The statute makes provision as to what fund shall be used to pay damages. They are to be paid the same as any other expense or cost in constructing the ditch, and there was no more necessity for the court to equalize the assessments, just because he allowed additional damages, than there would be if he increased or reduced the claim of the drainage commissioner for his services. §6144 Burns 1914, Acts 1907 p. 508.

The court did confirm the assessments of benefits as fixed by the commissioners' report.

The only proposition, other than those discussed heretofore, which is stated in appellants' brief, is their proposition No. 17, which is as follows: "The court 17. erred in overruling appellants' separate and several motion for a new trial."

No points are set out and no authorities cited under

# NOVEMBER TERM, 1923. 33

this proposition, so that no question is raised thereby which we need discuss.

Finding no error in the record, the judgment is affirmed.