## CLICK ET AL. *v.* ARNOLD ET AL.

[No. 24,180. Filed October 27, 1925. Rehearing denied March 9, 1926.]

1. DRAINS.—*Remonstrances to amended or new report of drainage commissioners are limited to new matter therein.*—If drainage commissioners, under an order of court, as authorized by §6174 Burns 1926, §6143 Burns' Supp. 1921, make an amended or new report, remonstrances to same can only be made as to matters therein contained, and the fact that the petitioners requested that the report be referred back to the drainage commissioners would not change the rule. p. 355.

2. DRAINS.—*Landowner not required to remonstrate until all his lands affected by proposed drain are brought into drainage commissioners' report and he has notice thereof.*—In a proceeding to construct a drain under §6167 *et seq.* Burns 1926, §6141 *et seq.* Burns 1914, a landowner is not required to file remonstrances until he is in court as to all his lands that will be affected by the proposed drain, and where lands of his are included in an amended report of the drainage commissioners as benefited which were not named in the petition, he is not required to remonstrate until he has notice of the fact that said additional lands have been reported as benefited. p. 355.

3. DRAINS.—*Error to overrule motion to strike out remonstrance to a drainage petition not filed in time.*—When a remonstrance was not filed within the time fixed by §6174 Burns 1926, §6143 Burns' Supp. 1921, it is error to overrule a motion to strike out the same. p. 355.

4.  DRAINS.—*Amount of assessment cannot be questioned unless
landowner has remonstrated on that 'ground.*—In a drainage
proceeding, evidence will not be heard to question the amount
of an assessment which has not been challenged by a remon-
strance that the assessment is excessive.   p. 355.

5.  DRAINS.—*Where evidence was admitted in support of remon-
strances that should have been struck out, it will· not be pre-
sumed to have been harmless to petitioners.*—In a drainage
proceeding where evidence was admitted in support of re-
monstrances that should have been struck out on motion to
that effect because filed too late, it will not be presumed on
appeal that it was harmless to petitioners.   p. 355.

6.  APPEAL.—*Incompetent evidence admitted over objection will
not be presumed to have been harmless.*—In a drainage pro-
ceeding where incompetent evidence was admitted over objec-
tion, appellate tribunal will not presume that such evidence
was harmless to the adverse party.   p. 355.

7.  DRAINS.—*Excluding from the evidence the original report of
drainage commissioners was harmless error where amended re-
port containing all that was in original report was introduced.*
—Where an amended report of the drainage commissioners,
which contained everything that was in the original report,
was introduced in evidence, the petitioners were not harmed
by excluding the original report.   p. 357.

8.  DRAINS.—*Verification of remonstrance by several landowners
may be by one of them.*—A remonstrance by several landown-
ers may be verified by one for all and it will be sufficient.
p. 357.

9.  DRAINS.—*Opinions of witnesses as to what specific land will
be worth with and without the proposed ditch are proper, but
opinions as to the damages to certain land that will be caused
by the ditch are not proper.*—In a drainage proceeding, the
opinion of a person acquainted with a specific tract of land
as to its value with and without the proposed ditch is proper
evidence, but the opinion of a witness as to the damages the
ditch will cause to certain land is not proper.   p. 358.

10.  DRAINS.—*Evidence as to damage by construction of drain
to bridges, culverts and highways in county where proceeding
instituted is not proper, but is proper as to other counties into
which drain will be constructed.*—Under the provision of
§6169 Burns 1926, in a proceeding for the construction of a drain
in two counties, evidence as to the damage by the construc-
tion of the drain to bridges, culverts and roads in the county
where the proceeding was instituted is not proper, but such
evidence is proper if it will damage bridges, culverts and high-
ways in the other county.   p. 358.

11. DRAINS.—*Railroads are required to construct bridges across public drains at their own expense, and, in a ditch proceeding, evidence as to expense of constructing new railroad bridge over drain should be excluded.*—Railroads are required to construct bridges across public drains at their own expense, and, in determining whether the expense of constructing a proposed drain will exceed the benefits, evidence as to the expense to a railroad company of constructing a new bridge over such drain in place of an existing bridge should be excluded. p. 358.

From Hendricks Circuit Court; *Otis E. Gulley,* Special Judge.

Drainage proceeding by Lorin W. Ross and others, in which Oscar Arnold and others filed remonstrances. On a finding that the expense of constructing the drain would exceed the benefits, the court ordered that the petition be dismissed. From the judgment so rendered, the petitioners appeal. *Reversed.*

*Sharp & Hollingsworth, Blessing & Stevenson* and *Ira M. Sharp,* for appellants.

*Frank L. Littleton, George W. Brill* and *George J. Patterson,* for appellees.

GEMMILL, J.—Lorin W. Ross, who is one of the appellants, and seventy-three others filed, on February 24, 1920, in the office of the clerk of the Hendricks Circuit Court, a petition for the establishment and construction of a public drain in Hendricks and Boone counties, as provided in §6167 *et seq.* Burns 1926, §6141 *et seq.* Burns 1914. The petition was docketed on April 17, 1920, and was referred to the drainage commissioners on January 4, 1921. These commissioners filed their report on April 1, 1921. To this report, one remonstrance was filed, that of John A. Flanigam, on April 11, 1921. The petitioners petitioned the court, on April 14, 1921, to have the report referred back to the drainage commissioners, as the

plat and profile did not show the stations along said drain, nor the elevations at said stations. This petition was granted and the amended report of the drainage commissioners was filed on June 6, 1921. To this amended report, John A. Flanigam filed a remonstrance on June 9, 1921, alleging that the report was not according to law and that his lands were assessed too much compared with the lands of another landowner, and that his lands would not be benefited to the extent of the assessment. To the amended report, Orville T. Storm and 219 others remonstrated on June 14, 1921, alleging that it would not be practicable to accomplish the proposed drainage without an expense exceeding the aggregate benefits, and that the proposed work would neither improve the public health nor benefit any highways in the counties, nor be of public utility. And 163 landowners remonstrated to the amended report, alleging generally that their lands assessed as benefited would not be affected nor benefited to the extent of their assessments. Thirty-three other landowners remonstrated, alleging damage to their real estate. Also, the Cleveland, Cincinnati, Chicago and St. Louis Railway Company remonstrated, claiming that its lands would not be affected nor benefited to the extent of the assessment by the proposed work if accomplished, that its lands would be damaged by the construction of the proposed work, and that it would not be practicable to accomplish the proposed drainage without an expense exceeding the aggregate benefits.

The questions of fact raised by the remonstrances, setting out the said various statutory causes, were submitted to the court for trial. During the trial, the petitioners filed a motion to strike out the remonstrance or remonstrances of Annie R. Adams and ninety-three others. All of these remonstrators had signed the re-

monstrance filed by Orville T. Storm *et al.* and some of them had also filed remonstrances for other statutory causes. The court overruled this motion, to which the petitioners excepted. The judgment of the court was for the petitioners on the first cause of remonstrance, which cause was that the report was not according to law, and for the remonstrators on their eighth and ninth causes of remonstrance, that it would not be practicable to accomplish the proposed drainage without an expense exceeding the aggregate benefits, and that it would not improve the public health nor benefit any public highway, nor be of public utility. Also that the lands of 159 remonstrators would not be affected nor benefited to the extent of their several assessments by the proposed work, if accomplished, and that the lands of thirty-one remonstrators would be damaged by the construction of the proposed drain. And finally, the court dismissed the petition at the costs of the petitioners. Appellants filed a motion for a new trial, which was overruled.

On appeal, the appellants, forty in number, assign errors as follows: (1) The court erred in overruling the petitioners' (appellants') motion to strike out the remonstrance of Annie R. Adams *et al.*; (2) the court erred in overruling the petitioners' (appellants') motion for a new trial.

Appellants insist in their reply brief that appellees' brief should not be considered because it does not comply with the rules of the court. While the brief is objectionable in some particulars, there seems to have been a good faith effort to comply with the rules and there is a substantial compliance with same.

The original report of the drainage commissioners is different from the amended report only in this: That the amended report shows the stations and elevations at said stations on the profile. It is provided in §6174

Burns 1926, §6143 Burns' Supp. 1921, as follows: "If, upon hearing, the court shall decide that the first (1st) of the above causes of remonstrance is true, the court may direct the commissioners to amend and perfect their report, or the court may, in its discretion set aside said report, refer the matter anew back to said commissioners for a new report. In making such order for a new report, the court shall fix the time and place of their meeting, and when they shall report; and when said new report is made and filed, any person whose lands are reported as affected may remonstrate within the same time therefrom and for the same causes as are hereby allowed to remonstrate against the first (1st) report, but such second remonstrance shall only be as to new matters contained in the second (2d), or amended report."

If drainage commissioners, under an order of court, make an amended or a new report, remonstrances to
1. same can only be filed as to new matters therein contained. *Wiley* v. *Peckinpaugh* (1912), 178 Ind. 618, 99 N. E. 807; *Papenbrook* v. *White* (1923), 194 Ind. 17, 141 N. E. 804. The fact that the petitioners asked that the report be referred back to the commissioners does not change the rule, as the same result would have been reached if there had been a hearing on the first remonstrance of John A. Flanigam. The additions made to the profile were the only new matters in the amended or new report, and none of the remonstrances was limited to these new matters.

The motion to strike out the remonstrance or remonstrances of each of ninety-four landowners was for the
2-6. reason that said persons did not remonstrate within ten days from April 1, 1921, the day of filing the first report. The amended report was filed June 6, 1921, and the remonstrance in which they all joined was filed on June 14, 1921. By the last pro-

viso of §6169 Burns 1926, §6142 Burns' Supp. 1921, it is provided that in all cases where lands are named in the report as affected by such proposed work which are not named in the petition, the court shall fix a time for hearing the report, and it shall be the duty of the petitioners to give ten days' notice to the owners of such lands of the filing of the report. This provision was in the drainage law approved April 6, 1885. In *Goodwine* v. *Leak* (1888), 114 Ind. 499, 16 N. E. 816, it was held that by force of said proviso, a landowner is not in court as to all of his land until the notice required has been given, and, until he is in court, he is not bound to file the remonstrance against the report of the commissioners, and also that he is not bound to try his case by piecemeal, but may wait until he is brought into court by due notice, and then make his remonstrance apply to the entire report so far as it affects his property. The court fixed September 6, 1921, as the day for hearing the amended report. It is not shown that any notice of any report was given to landowners who had additional land brought in by the report. Of the ninety-four remonstrators whose remonstrance the petitioners sought to have stricken out, forty-six owned land set out and described in the report as benefited and assessed, which had not been described in the petition. These forty-six remonstrators had the right to file their remonstrance on June 14, the day on which the same was filed, and the other remonstrators properly named in said motion who had been given proper notice did not have that right. Appellees claim that a few names in the motion to strike out do not appear upon appellees' remonstrance. An examination shows that there are mistakes in these names in copying same in either the remonstrance or the motion. Where remonstrances are not valid, it is error to overrule motion to strike out same. *Keiser* v. *Mills* (1903), 162 Ind. 366, 371, 69 N,

E. 142; *Benbow* v. *Gray* (1920), 193 Ind. 269, 128 N. E. 607, 139 N. E. 658. Evidence will not be admitted to question the amount of an assessment which has not been challenged by a remonstrance raising such issue. *Katterhenry* v. *Arensman* (1915), 183 Ind. 347, 108 N. E. 101. Incompetent evidence was admitted, over the objections of petitioners, in regard to the real estate of some of the parties whose remonstrances should have been stricken out. We cannot presume that this evidence was harmless to the petitioners.

Appellants claim that the court erred in excluding from the evidence the report of the drainage commissioners filed on April 1, 1921. Under the circumstances, the first report was competent evidence. But, as the amended report was introduced in evidence and it contained everything that was in the original report, appellants could not have been injured by refusal of the court to permit same to be introduced. Error is not available unless it was injurious to the complaining party.

The record shows that a remonstrance was filed by Orville T. Storm and 219 others. It seems that several remonstrances, each complete except as to verification, were filed as one remonstrance. This remonstrance, to have that many remonstrators, would have to include the one signed by J. Brooke Gossett et al.; which immediately precedes the verification by James T. Leak, who did not sign that one but who did sign the first. We believe that the affidavit of James T. Leak following said last remonstrance was for the entire remonstrance and not merely for the latter part of same. If a remonstrance is verified by one of the remonstrators for all of them it will be sufficient in that respect. *Munson* v. *Blake* (1885), 101 Ind. 78.

Appellants object to some evidence which was the opinions of witnesses, and insist that same was incom-

petent. They are right as to some objections and wrong as to others. The opinion of one acquainted with the property as to its value with and without the ditch, is proper evidence, and the opinion of a witness as to the damages which the ditch will cause to the lands of a party is not proper. *Yost* v. *Conroy* (1883), 92 Ind. 464, 47 Am. Rep. 156.

The appellants object and except to certain evidence concerning three bridges over the present drain on public highways. It is provided in §6169 Burns 1926, §6142 Burns' Supp. 1921, being same as in said section of Burns 1914, as follows: "That when any ditch, drain or levee, runs into another county than the one where such proceedings therefor as aforesaid are instituted, no bridge, culvert or road in such county shall be destroyed, injured or interfered with unless the damage to be occasioned thereby to such bridge, culvert or road has been considered, estimated and assessed by the said drainage commission, and the payment of such damages to such county provided for by assessing the same pro rata as other damages are assessed." The record does not show in which county said bridges are located. Appellants, in their brief, say that there is no evidence as to bridges in Boone county which would be damaged by the proposed drain. Because the record is not definite as to the county where said public highway bridges are located, we cannot say that there was error in admitting the evidence objected to concerning them. If the bridges were in Hendricks county, the evidence was not competent.

The Cleveland, Cincinnati, Chicago and St. Louis Railway Company, over the objection of appellants, proved that if the proposed ditch should be constructed, it would be compelled to build a new bridge at an expense of $12,000 to $15,000. It has a bridge over the ditch now there. The court did

not find that the railway company would be damaged by the construction of the proposed drain; but appellants claim that the evidence was not competent and same was injurious to them.   In 9 R. C. L. 628, §15, it is said:   "It seems that the duty of a railroad company to conform its roadbed to the requirement of such public easements as drains and ditches is an incident of its right to construct and maintain its road, and that the company is bound at its own expense to construct bridges over public drainage ditches which are laid across its right of way, whether they follow the line of natural watercourses or not.   And where, in constructing a valid public drainage system, it is necessary to widen or deepen a natural watercourse, a railroad company having a bridge over such watercourse must, in the absence of statute, at its own expense defray the cost of building a new bridge sufficient to cross the enlarged watercourse, though the old bridge was sufficient when the watercourse was in its original condition."   2 Elliott, Railroads (3d ed.) §1229; *Chicago, etc., R. Co.* v. *Luddington* (1910), 175 Ind. 35, 93 N. E. 273; *Wabash R. Co.* v. *Jackson* (1911), 176 Ind. 487, 96 N. E. 466; *Indian Creek Drainage District* v. *Chicago, etc., R. Co.* (1920), 295 Ill. 339, 129 N. E. 105; *Chicago, etc., R. Co.* v. *People, ex rel.* (1906), 200 U. S. 561, 26 Sup. Ct. 341, 50 L. Ed. 596, 4 Ann. Cas. 1175. Appellees, in their brief, add to appellants' cost of construction the damages shown including cost to the railway company, and state that the costs of construction of the proposed drain will exceed the benefits.   The evidence in regard to the cost of said new bridge should not have been admitted.   The motion for a new trial should not have been overruled, and both assignments of error are well taken.

The judgment is reversed, with instruction to reinstate appellants' petition, to rule on appellants' motion

to strike out the remonstrance or remonstrances of each of certain landowners, as follows:  To overrule same as to all remonstrators therein named who had additional real estate described and assessed as benefited in the report which had not been described in the petition and who had not been given the statutory notice of the filing of the report, and to sustain same as to all other land-owners properly named therein who had been given all required notice; to sustain appellants' motion for a new trial, and other proceedings in accordance herewith.