THE NEW YORK CENTRAL RAILROAD COMPANY
*v.* BURCH ET AL.

[No. 27,271. Filed November 28, 1939. Rehearing denied December 22, 1939.]

*Oscar B. Smith,* and (*S. C. Murray,* of counsel), for appellant.

*Orville W. Nichols,* for appellees.

TREMAIN, J.—This action was commenced by the appellees by filing a petition in the Starke Circuit Court, January Term, 1939, for the construction of a new or original public ditch or drain, pursuant to the provisions of Chapter 264, Acts 1933, p. 1168, being Sec. 27-101 et seq. Burns' Ind. St. 1933. All necessary and legal proceedings were had, leading to the filing in court of a verified report by the surveyor and viewers in favor of the construction of an open dredge ditch. Afterwards, the appellant filed a remonstrance against the construction. A trial was had, and upon appellant's request the court found the facts specially and stated its conclusions of law thereon. The court concluded that the report of the viewers should be approved and confirmed; that an open dredge ditch should be constructed; and that the appellant, at its own expense, should construct a bridge or culvert across its right of way in accordance to the report of the surveyor and viewers. Appellant excepted to the conclusions of law and filed a motion for a new trial. It has appealed from an adverse ruling.

The evidence introduced at the trial and the facts found by the court disclose that the proposed drain is 10,600 feet in length and extends over a flat country

not drained by a public ditch; that theretofore a private drain had been constructed by the several land owners over a portion of the route, and across the railroad right of way through a 24-inch iron pipe installed by the railroad company; that the proposed public ditch crosses the right of way at approximately the same location as the iron pipe; that some portion of the proposed drain parallels the old private drain, the exact portion not being shown by the evidence; that the new drain is 15 feet shorter than the old private drain. The evidence and special findings do not describe the route of the private drain.

Both by its exceptions to the conclusions of law and by its motion for a new trial, the appellant asserts that one-half of the cost of the construction of the culvert should be charged to the improvement. The appellant does not assert that the entire cost should be apportioned to the property owners, but limits objection to the conclusion of the court in assessing the entire cost to it.

The controversy as to the payment of the cost of the new culvert, occasioned by the improvement, arises because of the provisions of Section 9 of said Chapter 264, Sec. 27-109, Burns' Ind. St. 1933. That section provides that "the surveyor, alone, shall proceed and definitely determine the best and cheapest method of drainage, * * * assess the benefits or damages, as the case may be, to each separate tract of land in the water shed to be affected thereby, and to easements held by railway or other corporations, as well as to cities, towns, or other public or private corporations, including any land, right, easements, or water power, injuriously or beneficially affected, and to make report to the court under oath as directed. When any ditch crosses a highway or the right-of-way of any railway,

and the abutments of a permanent bridge or culvert across such ditch are not of sufficient depth, the surveyor shall include in his report the specifications for the repair, underpinning, or rebuilding thereof, and prorate the cost to the property owners receiving the benefit therefrom. *If, by reason of a cut-off, for the purpose of shortening and straightening, it is necessary for the state, county, township, or railroad to construct new bridges, the state, county, township, or railroad affected, shall bear one-half of the cost and the remainder shall be borne by the improvement.*" (Court's italics.)

Appellant asserts on page 84 of its brief that, from an examination of the drainage laws of Indiana prior to the enactment of Chapter 264, supra, there was no law in this state which provided that railroads should be compensated for the cost of the erection or maintenance of bridges made necessary by the construction of a public drain across their rights-of-way. This statement is correct. See: *Lake Shore, etc., R. Co.* v. *Clough* (1914), 182 Ind. 178, 185, 104 N. E. 975, 105 N. E. 905; *Wabash R. Co.* v. *Jackson* (1911), 176 Ind. 487, 95 N. E. 311, 96 N. E. 466; *Chicago, etc., R. Co.* v. *Luddington* (1910), 175 Ind. 35, 91 N. E. 939, 93 N. E. 273; 17 Am. Jur. 812, § 56; *Click* v. *Arnold* (1926), 197 Ind. 350, 149 N. E. 178; *Lake Erie and Western R. R. Co.* v. *Cluggish et al.* (1896), 143 Ind. 347, 42 N. E. 743; *C. C. C. & St. L. Ry. Co. et al.* v. *Mumford et al.* (1935), 208 Ind. 655, 667, 197 N. E. 826.

Under its points and authorities it asserts that the court erred in its interpretation of said Section 9 when it charged the entire cost of the construction of the culvert to the appellant. Appellant then quotes in its brief, in bold type, the above italicized part of the statute, and asserts on page 86 of its brief that "in such

a case said section of the statute provides in substance that the railroad affected should bear one-half (½) of the cost of the bridge or culvert and the remainder of the cost of the bridge or culvert shall be borne by the improvement." In its argument on page 113 of the brief it says: "The examination of the record in the instant cause will disclose that Section 27-109 Burns' Statutes 1933 concerning bridges made necessary by reason of a cut-off for the purpose of straightening and shortening the drain was utterly ignored."

From the references to appellant's brief it clearly appears that the appellant has limited its objection to that part of the statute pertaining to the cut-off and only claims to be relieved of one-half of the cost. The manner in which the appellant presented the question makes it unnecessary for the court to consider that part of the statute relating to the construction of abutments and assessment of the cost to the property owners. That question is not presented to the court. In oral argument appellant's counsel discussed that question, but an examination of his brief discloses it is entirely omitted.

Therefore, the court shall proceed to examine the facts relied upon to establish a cut-off. As noted above the old private drain is not described and no facts are in the record which would afford a basis for the conclusion that the new public drain constitutes a cut-off and shortens and straightens the old private drain. When it is considered that there is only a difference of 15 feet in the length of the proposed public drain and the old private drain in the whole distance of 10,600 feet, it is evident that there cannot be much shortening and straightening of the old drain. As a matter of fact, there is nothing in the record to show that the old drain was straightened in any respect.

The evidence discloses that for a distance of more than 600 feet from its entrance on the railroad right-of-way the proposed public drain extends in a due north and south direction; that more than 600 feet south of the railroad right-of-way, the public drain makes a right-angled turn to the east and extends on a straight line of more than 1,000 feet, at which point, by another right-angled turn, it extends south for a distance of 1,350 feet. The turns in the proposed ditch appear from the plans to be at right angles. Facts are absent to show any cut-off or perceptible shortening of the water course. The trial court was warranted in holding that no cut-off was shown. This court would not be justified in reversing the decision of the trial court upon that ground. The statute (Section 29 of Chapter 264, Sec. 27-129 Burns' Ind. St. 1933) expressly provides that it shall be liberally construed to promote its objects.

Section 16 of Chapter 264, Sec. 27-116 Burns' Ind. St. 1933, provides that:

"All questions of facts arising on the petition, report or remonstrance shall be tried by the court without a jury. If the remonstrance or remonstrances shall be sustained by the court on the second, third, fourth, fifth, sixth, or seventh causes of remonstrances, the court may modify and equalize the assessments, as justice may require, by diminishing the assessments on some tracts, and increasing it on others, or by giving or withholding damages, and for such purposes all persons whose lands are reported as affected, or are stated in the petition as affected, shall be deemed to be in court by virtue of the notices originally given to such parties of the pendency of the petition, * * * the court may, if the facts and justice shall warrant it, make assessments against the same, and as such assessments are so changed, modified and equalized, or made, they shall stand and be adjudged valid."

After the court had filed its special findings and stated its conclusions of law thereon, but before judgment, it modified its findings by reducing the assessment and benefits assessed to another remonstrator, Martha Wyland, from $40.50 to $20.25. Appellant complains that the court made this change without notice to it, and, if the change is to be regarded as an additional finding, it should have been numbered and signed by the judge. Even if the change could be construed as affecting appellant, which does not appear, it would amount to nothing more than an irregularity. The appellant was in court by virtue of the original notice and the court possessed the authority by virtue of the above quoted statute to modify and equalize the assessments as justice required.

Appellant predicates error upon the introduction in evidence, over its objection, of petitioners' exhibits 1, 2, and 3. Exhibit No. 1 is the surveyor's verified report. The objection made to it by the appellant is: "New York Central Railroad Company objects for the reason that the same is not executed and compiled in the manner provided by the statute in such cases." Exhibit No. 2 is the profile filed with the report, and the objection to it is "that it is unsigned and unverified and not properly identified." At the time these exhibits were offered in evidence and the objections were made, the clerk of the Starke Circuit Court was called to the witness stand and examined orally. He testified that the report and profile were signed and sworn to before him and filed in his office on the 10th day of March, 1939, but at the time he swore the surveyors and viewers he failed to affix his jurat. Thereupon, the court directed him to sign the jurat, and both exhibits were introduced in evidence without further

objections made thereto. The court did not err in overruling the objections and admitting the exhibits in evidence. *Gossard* v. *Vawter* (1939), 215 Ind. 581, 21 N. E. (2d) 416, 417.

Section 13 of the act (Sec. 27-113, Burns' Ind. St. 1933) provides that after the report of the surveyor is filed and after the filing of a remonstrance or remonstrances, the court shall fix a day for a hearing on the report. The hearing is before the surveyor, and all persons interested may appear before him and make any objections they may have as to the apportionment and assessments, and the surveyor is authorized to confirm or change any report as justice may require, and to report the result of the hearing to the court. This report was offered in evidence as exhibit No. 3, to the introduction of which the appellant objected upon the ground "that the statute in such cases merely provides that the engineer or surveyor shall make his report to the Court, with reference to the action taken by the engineer or surveyor with reference to his rulings on objections made to assessments and so forth. And, in the exhibit now offered in evidence, the surveyor makes report to the effect that the drain will be a public utility and will benefit the health and the costs and expenses of construction of the same will be less than the benefits to the land owners, as set out in the report. And the Remonstrator says that this is a matter that the engineer or surveyor is not required to report upon. *That said matter is all set out in the original report of the surveyor herein.*" (Court's italics.) It further objected to some changes made by the surveyor at the last hearing. Exhibit No. 3 contained the same matter reported in exhibit No. 1, together with some slight changes not affecting appellant.

The surveyor did not exceed the authority given him by said Section 13. The report was made to the court pursuant to that section of the statute and in accordance with its terms.

There is nothing contained in any of the objections to these exhibits relating to the incompetency of the same upon any other ground than those recited herein. There is nothing in the objections or in the appellant's brief to the effect that the present statute does not contain a provision of the prior statutes which made such exhibits prima facie evidence. Appellant in oral argument asserted that the exhibits were not admissible in evidence for that reason, but his brief is searched in vain for a single objection upon that ground. There was no error in the action of the court in permitting the exhibits to be introduced in evidence over the objections made. The exhibits are in the record and are part of the evidence, and were entitled to such weight as the court adjudged that they merited.

The appellant asserts that the evidence is not sufficient to sustain the judgment of the court. Petitioners' exhibits, together with the testimony of the appellant's engineer who described the route of the proposed drain in detail and filed drawings of the same as appellant's exhibit No. 1, clearly disclose the width, depth, length, and course of the proposed drain, together with assessment of benefits to the several property owners. The evidence is sufficient to sustain the judgment.

The appellant having failed to establish a reversible error in the proceedings of the trial court, the judgment is affirmed.